#F058450

ECF

ORIGINAL

FILED
AUG 1 9 2003
U.S. COURT OF
FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

ADVANCED TECHNOLOGY SYSTEMS INTEGRATORS CORP.
3500 N. MIAMI AVENUE
MIAMI, FL 33217

and

INTERNATIONAL FIDELITY INSURANCE COMPANY
ONE NEWARK CENTER
TWENTIETH FLOOR
NEWARK, NEW JERSEY 07102,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

Defendant.

Case No. 03-1953C

## COMPLAINT

**COME NOW** the Plaintiffs, Advanced Technology Systems Integrators Corp. ("ATSIC) and International Fidelity Insurance Company ("IFIC"), by and through their undersigned counsel, and by way of Complaint and Appeal against the Defendant, The United States of America ("United States"), state as follows:

## JURISDICTION AND PARTIES

1. Jurisdiction is conferred on this Court by the Tucker Act, 28 U.S.C. § 1491, and The Contract Disputes Act, 43 U.S.C. §§ 601, et seq. Plaintiffs bring their appeal and claims in this action pursuant to being in privity of contract with the Defendant and based on the rights associated with the doctrine of equitable subrogation.

2. Plaintiff ATSIC is a company specializing in the installation of security systems organized under the laws of the State of Florida.

3. Plaintiff IFIC is a surety bonding company organized under the laws of the State of New Jersey with an office and principal place of business at One Newark Center, Twentieth Floor, Newark, New Jersey, 07102. Plaintiff IFIC is in the business of, among other things, issuing Miller Act surety bonds for federal construction projects.

4. Defendant United States is the duly-constituted government acting by and through the United States Postal Service ("USPS").

## FACTUAL BACKGROUND

5. The claims of ATSIC, as set forth with more specificity herein, arise out of its performance under Contract No. 123125-00-B-3154-Project H54096 (the "Contract"), Miami P & DC Security & Access Control (the "Project").

6. The claims of IFIC, as set forth with more specificity herein, arise out of its issuance of payment and performance bonds for ATSIC, including bonding for the Project naming ATSIC as principal and USPS as obligee, IFIC's payment of claims under its bonds, and IFIC's attorney-in-fact status relating to ATSIC.

7. ATSIC, as contractor on the Project, was provided a performance time of 150 days for the completion of the Contract. The Notice to Proceed for the Project was issued on or about January 15, 2001.

8. The initial Contract amount was $1,309,990.00 and as of at least April 3, 2003, the United States had paid approximately $1,015,709.70 under the Contract which does not include retainage as provided for by the Contract. Thus, by no later than April 3, 2002, more

than 75 percent of the contract value had been earned and paid to ATSIC under the Contract.

9. In addition, during ATSIC's work under the Contract various extra work requests were required and/or directed by USPS. Proper documentation was submitted by ATSIC for processing of modifications to the Contract requesting compensation for the extra work performed under the Contract and time extensions to perform the work. The United States failed to properly process these requests for modification.

10. On various occasions during the course of ATSIC's work on the Project, delay in performance was caused by the United States, by and through its authorized representatives. At all times relevant herein, ATSIC worked with the representatives of the United States to make sure the Contract was properly and fully completed. At all times relevant herein, ATSIC believed that the United States had waived damages relating to all delays in completion of the Contract work.

11. By letter dated August 16, 2002, the Contracting Officer issued a final decision that terminated the Contract for default. At the time the final decision was issued, the work on the Project was approximately 95 percent complete. Thereafter, USPS made demand for damages relating to its costs of completion of the Contract that are alleged to be $900,939.30. Despite approximately 95 percent completion of the Contract at the time of the default termination, USPS now claims that it cost more than 65 percent of the initial Contract amount to complete the work.

12. At the time the final decision was issued, there were remaining contract funds in the amount of $217,534.61, which was more than enough to complete the remaining 5 percent of the Contract work.

13. The decision of the Contracting Officer to terminate the Contract for default was arbitrary, capricious and an abuse of discretion. For example, the Contract was 95 percent completed and the termination led to the United States incurring approximately $900,000.00 in costs to complete 5 percent of the work. The decision to terminate the Contract for default was not in the best interests of the United States, was not based on the merits, was not free from outside influence and was without due consideration to other available alternatives which would have mitigated damages to the United States, if any.

14. The final decision of the Contracting Officer dated August 16, 2002, was received by ATSIC no earlier than August 20, 2002. Accordingly, this action is timely filed and all conditions precedent have been satisfied.

**COUNT I**
**(Appeal of Improper Default Termination)**

15. Plaintiffs hereby restate and incorporate the allegations contained in paragraphs 1 through 14 above as if fully set forth herein.

16. ATSIC performed its work on the Contract in a competent and professional manner.

17. Throughout the course of work by ATSIC on the Project, authorized representatives of the government caused delays to progress of the work.

18. Throughout the course of work by ATSIC on the Project, the United States failed to properly process modifications to the Contract, and otherwise failed to properly administer the Contract.

19. By 2002, ATSIC and USPS had an understanding/agreement that any delays in

completion of work on the Project would not be grounds for default termination of the Contract by the United States. ATSIC detrimentally relied upon the understanding/agreement it had reached with authorized representatives of the United States regarding the time for performance by continuing to perform the Contract and by foregoing its rights to challenge the rejected Contract modifications or to require the Contracting Officer to reach a final decision on said Contract modifications. Despite such an understanding/agreement, the USPS issued a default termination notice due to the delay in completion of the Contract dated August 16, 2002.

20. Based upon the foregoing, the termination for default of ATSIC under the Contract was improper and should be overruled.

**COUNT II**
**(Breach of Covenant of Good Faith and Fair Dealing)**

21. Plaintiffs hereby restate and incorporate the allegations contained in paragraphs 1 through 20 above as fully set forth herein.

22. Plaintiffs had expectations that the United States would perform its obligations under the Contract in a competent and proper manner.

23. By causing delay on the Project, failing to properly process modifications requested to the Contract, and misleading ATSIC, the United States acted with conscious indifference to the rights, obligations, and interests of the Plaintiffs, with improper motive, and in a manner of unfair dealing.

24. The actions of the United States constitute a breach of the covenant of good faith and fair dealing with regard to the Contract and the bonds issued by IFIC for the Contract.

25. As a direct and proximate result of the breach of the covenant of good faith and

fair dealing, the Plaintiffs suffered damage in that ATSIC's performance of the Contract was hindered by the United States's lack of cooperation and interference, ATSIC's performance of the Contract was delayed due to the actions or inactions of the United States and ultimately, ATSIC's right to complete the Contract was wrongfully terminated by the United States. Accordingly, the termination for default of ATSIC under the Contract was improper and should be overruled.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court grant judgment in favor of the Plaintiffs on their appeal of the termination of default, deeming such termination to be improper and declaring that the United States wrongfully terminated the Contract, declaring the United States liable for the costs of unaccepted work at the time of termination, declaring that neither ATSIC nor IFIC are liable for excess costs of reprocurement or completion of the Contract, declaring that neither ATSIC nor IFIC are liable for liquidated damages, if any, and, awarding Plaintiffs any and all legal fees and costs associated with this action as provided by law, and for such other and further relief as is just and proper.

Respectfully submitted this 19th day of August, 2003.

HENRICHSEN SIEGEL, P.L.L.C.

Eric L. Siegel, Esq.
1850 M Street, NW
Suite 250
Washington, DC 20036
Tel.: (202) 293-7766
Fax: (202) 293-7778

Of Counsel:
Neil L. Henrichsen
Helen H. Albee
Henrichsen Siegel, P.L.L.C.
1850 M Street, N.W.
Suite 250
Washington, D.C. 20036
(202) 293-7766

Counsel for Plaintiffs

Gail Scopinich, Esquire
To be admitted to the Court
801 NE 167th Street, Second Floor
North Miami Beach, Florida 33162
(305) 455-4020

Co-counsel for Advanced Technology Systems
Integrators Corp.