IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ADVANCED TECHNOLOGY SYSTEMS INTEGRATORS CORP. | ) | |
| and | ) | |
| INTERNATIONAL FIDELITY INSURANCE CO., | ) | |
| Plaintiffs, | ) | No. 03-1953C<br>(Senior Judge Margolis) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND COUNTERCLAIM

For its answer to the complaint, defendant admits, denies and alleges as follows.

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits the allegations contained in paragraph 4 to the extent that the United States Post Office ("Postal Service") is an agency of the United States; the remainder of allegations contained in paragraph 4 constitute conclusions of law, to which no answer is required.

5. The allegations contained in paragraph 5 constitute plaintiffs' characterization of their case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

7. Admits the allegations contained in paragraph 7 to the extent supported by the cited contract and notice to proceed, which are the best evidence of their contents; otherwise denies the remainder of the allegations contained in paragraph 7.

8. Denies the allegation in the first sentence of paragraph 8 that, as of at least April 3, 2003, the United States had paid approximately $1,015, 709.70 under the contract; admits the remainder of the allegations contained in the first sentence of paragraph 8 to the extent supported by the cited contract, which is the best evidence of its contents; otherwise denies the remainder of the allegations in the first sentence of paragraph 8. The allegations contained in the second sentence of paragraph 8 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

9. Admits the allegations contained in the first sentence of paragraph 9 to the extent supported by

the cited requests, which are the best evidence of their contents; denies the remainder of allegations in the first sentence of paragraph 9. Admits the allegations in the second sentence of paragraph 9 to the extent supported by the cited documents, which are the best evidence of their contents; the remainder of the allegations in the second sentence of paragraph 9 constitute conclusions of law, to which no answer is required; to the extent they are deemed allegations of fact, they are denied. Denies the allegations in the third sentence of paragraph 9.

10. Denies the allegations contained in the first two sentences of paragraph 10. Denies the allegations contained in the third sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. Admits the allegations contained in the first sentence of paragraph 11 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations in the first sentence of paragraph 11. Denies the allegations contained in the second sentence of paragraph 11. Admits the allegations contained in the third sentence of paragraph 11 to the extent that the Postal Service is seeking $900,939.00 relating to its cost to complete the work called for under the contract; otherwise denies the allegations contained in the third sentence of paragraph 11. Denies the allegations contained in the fourth sentence of paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent that $217,534.61 remained in

the funds designated for the contract at termination; otherwise denies the remainder of allegations in paragraph 12.

13. Denies.

14. Denies the allegations in the first sentence of paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations in the second sentence of paragraph 14 are legal conclusions, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

15. Defendant's responses to paragraphs 1 through 14 of the complaint are incorporated by reference.

16. Denies.

17. Denies.

18. Denies.

19. Admits the allegations in the first sentence of paragraph 19 to the extent they are supported by the cited agreement, which is the best evidence of its contents; otherwise, the allegations in the first sentence of paragraph 19 are legal conclusions, to which no answer is required; to they extent they are deemed allegations of fact, they are denied. The allegations in the second sentence of paragraph 19 are legal conclusions, to which no answer is required; to the extent they are deemed allegations of fact, they

are denied for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations in the third sentence of paragraph 19 to the extent that the Postal Service terminated the contract for default, by final decision dated August 16, 2002; otherwise denies the remainder of allegations in the third sentence of paragraph 19.

20. Denies.

21. Defendant's responses to paragraphs 1 through 20 of the complaint are incorporated by reference.

22. Denies the allegations in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. Denies.

24. Denies.

25. Denies.

26. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 25, or to any relief whatsoever.

27. Denies each and every allegation not previously admitted or otherwise qualified.

COUNTERCLAIM

In accordance with United States Court of Federal Claims Rule 13(a), defendant hereby asserts its counterclaim.

1. The Postal Service properly terminated for default its contract with ATSIC, by final decision dated August 16, 2002.

2. According to the terms of the contract, the terminated contractor will be liable to the Postal

Service for the excess costs of completing the contemplated work.

3. The Postal Service incurred costs of $900,939.30 to complete the work called for under its

contract with ATSIC.

4. At the time the Postal Service terminated its contract with ATSIC, $217,534.61 was remaining

from the funds designated for the ATSIC contract.

5. By letter dated July 31, 2003, the Postal Service informed plaintiffs of the costs it incurred to

complete the contract and directed ATSIC to pay the Postal Service $683,404.69 for its excess reprocurement costs.

6. ATSIC has not paid the Postal Service for its excess reprocurement costs.

7. The Contracting Officer sent plaintiffs a final decision letter, dated September 26, 2003, assessing excess reprocurement costs of $683,404.69 against ATSIC.

8. The Contracting Officer's September 26, 2003 final decision letter informed ATSIC of its right

to challenge his decision pursuant to the Contract Disputes Act of 1978.

9. The Court possesses jurisdiction to entertain Defendant's counterclaim pursuant to the Contract

Disputes Act.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the

complaint be dismissed, declare that plaintiff ATSIC is liable to the Postal Service for excess

reprocurement costs of $683,404.69 plus interest, and grant defendant such other and further relief as

the Court may deem just and appropriate.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, Jr.
Assistant Director

s/ Michael F. Bahler
MICHAEL F. BAHLER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-3020

Attorneys for Defendant

OF COUNSEL:

CHRISTOPHER J. BURTON
Attorney
United States Postal Service
475 L'Enfant Plaza SW
Washington DC 20260-1136

December 19, 2003

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 19th day of December, 2003, I caused to served by mail a copy of "DEFENDANT'S ANSWER AND COUNTERCLAIM," addressed as follows:

Eric L. Siegel

1850 M. Street, NW
Suite 250
Washington, DC 20036

______________________________