**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ADVANCED TECHNOLOGY SYSTEMS INTEGRATORS CORP. and INTERNATIONAL FIDELITY INSURANCE COMPANY | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 03-1953C |
| | ) | (Senior Judge Margolis) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16(a)(1) and Appendix A of the Rules of the United States Court of Federal Claims and following an early meeting of counsel, the parties submit the following joint preliminary status report.

A. Jurisdiction:

It is the position of the Plaintiffs, Advanced Technology Systems Integrators Corp., and International Fidelity Insurance Company, that the Court has jurisdiction to hear and decide this matter under 28 U.S.C. § 1491 and 41 U.S.C. § 609. The dispute involves a contract awarded to plaintiff, Advanced Technology Systems Integrators Corp., by the United States Postal Service to install and upgrade the security systems at the General Mail Facility in Miami, Florida. The United States of America disputes whether International Fidelity Insurance Company has standing in this action.

B. Consolidation:

The parties agree that if the Unopposed Motion for Leave to File its First Amended

Complaint is granted, there will be no necessity to consolidate this case with any other case.

C. Bifurcation:

For the sake of clarity and efficiency, assuming the case proceeds to trial, the parties believe bifurcation of the issues of liability and damages may be necessary. If the Plaintiffs' challenge to the default termination of ATSIC is upheld, the remaining issues for the damages portion of the trial will be simplified.

D. Deferral:

The parties agree that this case should not be deferred pending resolution of any other cases.

E. Remand/Suspension:

Neither party seeks remand or suspension.

F. Joinder:

Neither party intends to join additional parties at this time.

G. Dispositive Motions:

The United States anticipates filing dispositive motions. However, the parties are unable to outline a specific schedule prior to engaging in discovery. Once the parties

H. Relevant Issues:

Based upon the preliminary review of the case, the parties agree that the relevant issues are as follows:

1. Whether the default termination of ATSIC from the Project was arbitrary, capricious, an abuse of discretion and contrary to the interests of the United States;

2. To what extent had ATSIC completed its work on the Project prior to its termination;

3. Whether the United States failed to properly and timely process ATSIC's requests for additional compensation due to various extra work requests were required and/or directed by USPS;

4. If so, to what extent is ATSIC entitled to additional compensation for the extra work performed;[1]

5. Whether the United States, its representatives, and/or its agents working on the Project caused delays on the Project;

6. If so, to what extent has the United States waived its entitlement for damages caused by those delays;

7. Whether ATSIC and the United States had an agreement or understanding that any delays in completion of work on the Project would not be grounds for default termination of the Contract by the United States;

8. If so, whether ATSIC detrimentally relied on said agreement or understanding by foregoing its rights to challenge the rejected Contract modifications or to require the Contracting Officer to reach a final decision on said Contract modifications;

9. Whether the United States is entitled to any excess reprocurement costs;

10. If so, whether the United States reprocured the same or similar materials and services and whether the United States failed to mitigate its damages;

---

[1] The United States does not believe additional compensation is a valid issue before the Court.

11. Whether the United States breach the covenant of good faith and fair dealing in its administration of this Project;

12. Whether Plaintiff International Fidelity Insurance Company has standing to prosecute this case.

I. Settlement:

At this time, settlement seems unlikely. After some discovery is conducted and dispositive motions, if any, are filed, the parties will be in a better position to further evaluate the likelihood of settlement. The parties agree that alternative dispute resolution (ADR) may be viable in this matter, but neither party believes ADR is appropriate at this time.

J. Trial:

The parties anticipate this case proceeding to trial. However, an expedited trial is not necessary.

K. Special Issues:

The parties are not aware of any special issues regarding electronic case management needs.

L. Additional Information:

Other than the pending Unopposed Motion for Leave to File Amended Complaint, the parties are unaware of any additional information of which the court should be aware at this time.

K. Proposed Discovery Plan:

The parties have agreed upon the following discovery plan:

(a) The parties will exchange or make available for copying, the documents identified by each party as the primary source of exhibits for trial in this matter;

(b) The parties shall disclose their expert witnesses and exchange expert witness reports on or before February 1, 2005, the parties shall take depositions of expert witnesses between February 1 and March 1, 2005, and the expert witnesses shall make their work papers available for review at least ten days prior to their deposition;

(c) The parties anticipate that they will need to exceed the Court's presumptive limits of ten depositions and 25 interrogatories, including discrete subparts, because of the number of principal witnesses for each party and the range of facts that the parties must address during discovery substantially exceeds those limits.

(d) The parties do not anticipate any need for physical or mental examinations of any party or other person in this matter.

Dated: March 1, 2004

Respectfully submitted:

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

ROBERT E. KIRSCHMAN, Jr.
Assistant Director

s/Michael F. Bahler with express permission
Michael F. Bahler, Esq.
Commercial Litigation Branch, Civil Division
Department of Justice
Classification Unit
8th Floor
1100 L Street, NW
Washington, DC 20530
(202) 305-3020

_s/Helen H. Albee__________________
HENRICHSEN SIEGEL MOORE, PLLC
Helen H. Albee
1648 Osceola St.
Jacksonville, FL 32206
(904) 381-8183
(904) 381-8191 (facsimile)

Of Counsel:

Neil L. Henrichsen, Esquire
Henrichsen Siegel Moore, PLLC
1648 Osceola St.
Jacksonville, FL 32206

CHRISTOPHER J. BURTON
Attorney
United States Postal Service
475 L'Enfant Plaza SW
Washington, DC 20260-1136

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been sent by U.S. Mail to

Michael F. Bahler, Esq.
Commercial Litigation Branch, Civil Division
Department of Justice
Classification Unit
8th Floor
1100 L Street, NW
Washington, DC 20530

on this 1st day of March 2004.

_s/Helen H. Albee____________
Helen H. Albee