# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ADVANCED TECHNOLOGY SYSTEMS INTEGRATORS CORP.<br><br>and<br><br>INTERNATIONAL FIDELITY INSURANCE COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 03-1953C<br>(Senior Judge Margolis) |

## PLAINTIFF ADVANCED TECHNOLOGY SYSTEMS INTEGRATORS CORP.'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIM

**COMES NOW**, Plaintiff Advanced Technology Systems Integrators Corp. ("ATSIC")[1], by and through its undersigned counsel and answers the Counterclaim filed by Defendant United States of America as follows:

1. As to the allegations contained in Paragraph 1 of the Counterclaim, ATSIC admits that the Postal Service terminated ATSIC's contract but denies that said termination was proper.

2. As to the allegations contained in Paragraph 2 of the Counterclaim, ATSIC admits that the contract, the terms of which speak for itself, allows the Postal Service to seek excess reprocurement costs under certain circumstances To the extent the allegations contain any additional terms or terms inconsistent with said contract, ATSIC denies the same.

---

[1] The Counterclaim does not seek relief against Plaintiff International Fidelity Insurance Company. International Fidelity Insurance Company denies any liability to Defendant United States of America.

3. ATSIC denies the allegations contained in Paragraph 3 of the Counterclaim.

4. ATSIC admits the remaining contract balance was $217,534.61 at the time it was terminated by the Postal Service, however, ATSIC denies the Postal Service properly terminated the ATSIC contract.

5. ATSIC admits the Postal Service sent a letter, the terms of which speak for itself. To the extent the allegations contain any additional terms or terms inconsistent with said letter, ATSIC denies the same.

6. ATSIC denies the allegations contained in Paragraph 6 of the Counterclaim.

7. As to the allegations contained in Paragraph 7 of the Counterclaim, ATSIC admits the contracting officer sent a final decision letter dated September 26, 2003, the terms of which speak for itself. To the extent the allegations contain any additional terms or terms in consistent with said letter, ATSIC denies the same.

8. ATSIC admits the allegations contained in Paragraph 8 of the Counterclaim.

9. The allegations contained in Paragraph 9 of the Counterclaim are legal conclusions, to which no response is required. To the extent a further response is required, ATSIC denies said allegations.

10. In response to the WHEREFORE paragraph on page 6 of the Counterclaim, ATSIC denies that the Defendant have suffered damages in any amount. ATSIC further denies that the Defendant is entitled to a judgment in any amount.

11. To the extent not specifically addressed above, ATSIC denies all remaining allegations in the Counterclaim.

**AFFIRMATIVE DEFENSES**

Having fully answered the allegations of the Counterclaim, ATSIC asserts the follow Affirmative Defenses:

FIRST AFFIRMATIVE DEFENSE

______ATSIC states that the United States has failed to state a cause of action, in whole or in part, upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

ATSIC states that the United States' claim is barred, in whole or in part, because its termination of ATSIC was improper.

THIRD AFFIRMATIVE DEFENSE

ATSIC states that the United States' claim is barred, in whole or in part, because the contract to the complete the project included work not within ATSIC's original scope of work and/or included work which was not necessary to complete the work remaining the project after ATSIC's wrongful termination.

FOURTH AFFIRMATIVE DEFENSE

ATSIC states the United States' claim is barred, in whole or in part, because the United States failed to act reasonably to mitigate its damages, if any.

FIFTH AFFIRMATIVE DEFENSE

ATSIC states the United States' claim is barred, in whole or in part, to the extent it seeks actual damages as opposed to liquidated damages, if any, as specified in the contract at issue.

SIXTH AFFIRMATIVE DEFENSE

______ATSIC states that the United States' claim is barred, in whole or in part, by the doctrine of

promissory estoppel.

SEVENTH AFFIRMATIVE DEFENSE

ATSIC states that the United States' claim is barred, in whole or in part, by the doctrine of set off.

EIGHTH AFFIRMATIVE DEFENSE

ATSIC states that the United States' claim is barred, in whole or in part, by the doctrine of waiver.

WHEREFORE, ATSIC respectfully requests the Court enter a judgment in its favor, declaring that the United States should take nothing, dismissing the Counterclaim and granting ATSIC such further relief deemed just and proper.

Respectfully submitted this 8th day of January, 2004

HENRICHSEN SIEGEL, P.L.L.C.

s/Eric L. Siegel

Eric L. Siegel
1850 M Street, NW
Suite 250
Washington, DC 20036
Tel.: (202) 293-7766
Fax: (202) 293-7778

Of Counsel:
Neil L. Henrichsen
Helen H. Albee
Henrichsen Siegel, P.L.L.C.
1850 M Street, N.W.
Suite 250
Washington, D.C. 20036
(202) 293-7766

Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of January, 2004, a copy of the foregoing Plaintiff Advanced Technologies Systems Integrators Corp.'s Answer and Affirmative Defenses to Counterclaim was placed in the first-class U.S. Mail, postage prepaid, and addressed to the following:

Michael F. Bahler, Esq.
Commercial Litigation Branch, Civil Division
Department of Justice
Classification Unit
8th Floor
1100 L Street, NW
Washington, DC 20530

and

Christopher J. Burton, Esq.
United States Postal Service
475 L'Enfant Plaza SW
Washington, DC 20260-1136

s/Eric L. Siegel
Eric L. Siegel