**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ADVANCED TECHNOLOGY SYSTEMS INTEGRATORS CORP.** | ) | |
| **and** | ) | |
| **INTERNATIONAL FIDELITY INSURANCE CO.,** | ) | **No. 03-1953C** **(Senior Judge Margolis)** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PROTECTIVE ORDER**

**The court has determined that certain information that may necessarily be disclosed orally or in writing during this action may be secret, confidential, proprietary, or otherwise privileged at law. To address these concerns, it is ordered that protected information, provided formally or informally during the course of this action, will be disclosed by the parties only as follows:**

**1. "Protected information," as used herein, means:**

**(a) Proprietary, confidential, secret, or otherwise privileged at law information contained in any document (including any pleading, motion, brief, notice, or discovery request or response) produced, filed, or served by any party to this litigation that is designated as protected by a party (See paragraph 3); and**

**(b) Proprietary, confidential, secret, or otherwise privileged at law information contained in any deposition, testimony, affidavit taken or provided during this litigation that is designated as protected by a party (See paragraph 3).**

**2. Protected information will be used by private parties solely for the purposes of this litigation and will not be given, shown, made available, discussed, or otherwise communicated in any form except as provided herein.**

**(a) Except as provided in paragraphs 2(c), (d), and (e), the only persons who may have access to protected information are (i) legal counsel for a party, (ii) a party to the litigation, including officers, staff and support personnel to whom it is necessary that the Protected information be shown for purposes of**

**this litigation, and (iii) independent consultants and experts assisting such counsel in connection with the litigation.**

**(b) To be granted access to protected information, any such person will first read this Protective Order and, if an attorney, execute a copy of the Application for Access to Information Under Protective Order by Inside or Outside Counsel (Form 9) or, if a consultant or expert, execute a copy of the Application for Access to Information Under Protective Order by a Consultant or Expert (Form 10). The party seeking to have such person granted access will then provide a copy of the executed Application to each other party. Such person will, without further action by the court, be permitted access to protected information at the close of the second business day after the other parties have received the Application, unless, in the interim, any party informs the requesting party of an objection. If the parties are unable to reach agreement regarding an objection, the party seeking access may present the matter to the court. Such person will not be given access unless and until the court authorizes such access.**

**(c) Paralegal, clerical and administrative support personnel assisting any counsel who has been admitted under this Protective Order may be given access to protected information if such personnel have first been provided with a copy of this Protective Order.**

**(d) Court, Postal Service, and Department of Justice personnel are automatically subject to the terms of this Protective Order and are entitled to access to protected information, without further action.**

**(e) Any court reporter who takes testimony if the court reporter is provided with a copy of this Order prior to any information being disclosed to the reporter.**

**3. Protected information of any kind may be provided only to the court and to individuals authorized by this Protective Order, and must be in a sealed parcel containing the legend "PROTECTED INFORMATION ENCLOSED," conspicuously placed on the outside of the parcel containing the information. A copy of the certificate of service identifying the document being filed will be attached to the front of each parcel.**

**(a) The first page of each document containing protected information is to be clearly marked as follows:**

**Protected Information to be Disclosed Only in Accordance with**
**U.S. Court of Federal Claims Protective Order**

**(b) Any courtesy copies of protected information that are filed with the court for use by the judge should be marked as such.**

**(c) The court will maintain properly marked protected pleadings or information under seal.**

**4. A party that files a pleading in accordance with paragraph 3 hereof promptly will serve on each other party a proposed redacted copy of the pleading with the claimed protected information deleted and clearly marked "Proposed Redacted Copy" in the upper right- hand corner of the first page.**

**(a) Within two business days after their receipt of the proposed redacted copy, other parties will advise the party originating the pleading of any additional redactions they require. The originating party will promptly provide each party with a copy of the pleading from which all information that any party has requested be redacted has been redacted and clearly marked "Agreed-Upon Redacted Copy -May Be Made Public" in the upper right-hand corner of the page. During the two-day period, the proposed redacted copy will be treated as protected. At the expiration of the two-day period, or when agreement is reached, the agreed-upon redacted copy will be filed with the court by the originating party.**

**(b) Any party at any time may serve on the other parties a proposed redacted copy of any document (other than a pleading, to which paragraph 4(a) applies) filed with the court or of any document produced or generated in discovery whether or not filed with the court and will clearly mark the document in the manner provided above. The other parties will respond promptly, advising the serving party of any additional redactions they require. The serving party will proceed as provided in the last sentence of paragraph 4(a).**

**5. Any party may at any time object to another party's designation of particular information as protected. If the parties are unable to resolve the matter by agreement, counsel for the objecting party may submit the matter to the court for resolution. Until the court resolves this matter, the disputed information will be treated as protected.**

**6. Nothing herein shall prevent disclosure beyond the terms of this order, if each party designating the information as "Protected information" consents to such disclosure or, if the court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of records from utilizing protected information in the examination or cross-examination of any person who is indicated on the documents as being an author source or recipient of the protected information, irrespective of which party produced such information. Nothing contained in this protective order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to the procedures**

**that maintain the confidentiality of protected information consistent with this protective order, prevent or limit in any way the use of such documents and information by an agency in any proceedings regarding any potential violation of law or regulation."**

**7. Prior to the introduction of a document designated as protected information as an exhibit at trial, each party shall be given the opportunity to object out of the hearing of the jury, if any.**

**8. Without the consent of the other parties, no private party may make more than three (3) copies of any document containing protected information received from another party. Private parties may make additional copies for filing with the court, service on the parties or use in discovery and may also incorporate limited amounts of protected information in their pleadings. All copies of such documents and of pleadings referring to protected information will be clearly labeled in the manner required by paragraph 3 of this Protective Order.**

**9 Each person covered by this Protective Order will take all necessary precautions to prevent disclosure of protected information, including but not limited to physically securing, safeguarding and restricting access to the protected information.**

**10. Within thirty (30) days after the conclusion of this action (including any and all appeals and remands), counsel for each private party will (i) destroy all protected information and certify in writing to all parties that such destruction has occurred and/or (ii) return the protected information to the parties from which the information was received. Provided the documents are marked protected and are properly secured, counsel for each party may retain one copy of the unredacted pleadings.**

**11. Any party whose information has been designated as protected may at any time waive the protection of this Protective Order with respect to any and all such information by so advising counsel for all parties in writing, identifying with specificity the information to which this Protective Order will no longer apply.**

**12. Nothing contained in this Protective Order will preclude a party from seeking relief from this Protective Order through the filing of an appropriate motion with the court that sets forth the basis for the relief sought.**

**13. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party will give notice in writing that the document is to be treated as protected, and thereafter the designated document will be treated in accordance with this Protective Order.**

**14. Counsel for the parties will promptly report any breach of the provisions of this Protective Order to counsel for the opposing party(ies). Upon discovery of any**

**breach, counsel for the parties will immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to persons not covered by this Protective Order. The parties will reasonably cooperate in determining the reasons for any such breach.**

____________________________________

**Lawrence S. Margolis**
**Senior Judge, U.S. Court of Federal Claims**
**Date:**