IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ADVANCED TECHNOLOGY SYSTEMS INTEGRATORS CORP. and INTERNATIONAL FIDELITY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 03-1953C<br>(Senior Judge Margolis) |

DEFENDANT'S MOTION TO COMPEL

Pursuant to RCFC 33(b), 34(b), and 37(a), the United States respectfully requests that the Court issue an order compelling plaintiff, Advanced Technology Systems Integrators Corp. ("ATC"), to respond to the Government's interrogatories and document requests. In accordance with RCFC 37(a), the undersigned counsel of record represents to the Court that counsel for the Government has attempted to consult with counsel for plaintiffs in good faith to resolve this matter prior to the Government's filing of this motion. In support of this motion, the Government relies upon the following brief and attached exhibits.

STATEMENT OF FACTS

This case arises from a termination for default of a construction contract arising from ATC's failure to complete construction on time. Plaintiffs brought suit in this Court, claiming that the termination for default was improper. Plaintiffs contend, among other things, that the Government failed to pay ATC in a timely fashion, that the alleged failure to pay in a timely fashion caused financial problems for ATC, and

that ATC's financial problems prevented it from completing the project on time. Plaintiffs sued for damages, and the Government brought a counterclaim for excess reprocurement costs.

The Government served its first set of interrogatories and requests for production of documents upon ATC on October 22, 2004. App. A.[1] Pursuant to RCFC 34(b), ATC was required to provide responses to the interrogatories and responsive documents within 30 days. However, ATC requested additional time to respond, and the parties agreed to extend the deadline for responses and production to December 10, 2004. App. B.

ATC submitted its objections to the interrogatories and document requests on November 24, 2004, App. C, and its responses to the document requests on December 10, 2004. App. D. Subject to objections, ATC agreed to produce documents responsive to all of the Government's requests at a mutually convenient location and time, with the exception of request numbers 11 (bank statements), 12 (correspondence with banks), 13 (loan documents), and 14 (financial statements). App. D at 4-6. With respect to requests 11, 12, 13, and 14, ATC objected that the requests were overly broad, unduly burdensome, and irrelevant to the parties claims and defenses. App. C at 11-13. ATC indicated that it will produce documents responsive to requests 11, 12, 13, and 14 "[u]pon the resolution of the General and specific objections raised to [the requests], if required to." App. D at 4-5.

[1] The Government has not yet served document requests or interrogatories upon plaintiff International Fidelity Insurance Co..

With respect to the interrogatories, ATC served draft, unverified responses to the interrogatories on December 10, 2004. App. E. On January 4, 2005, the undersigned counsel discussed ATC's objections to the discovery requests and the lack of verified responses with counsel for ATC, but no resolution was reached.

The Government did not receive any documents from ATC in response to the document requests until January 26, 2005. App. F. This partial production consisted of a stack of documents measuring approximately two and a half inches in height.

On February 1, 2005, the Court held a status conference in which the undersigned counsel indicated that the Government would likely file a motion to compel. However, the parties agreed during the status conference that the Government would not file a motion to compel if responsive documents and verified interrogatory responses were provided by February 28, 2005.

The Government received additional documents from ATC on March 16, 2005, consisting of 1,245 pages of documents. This production still did not include all responsive documents.

The Government has made every effort to resolve these discovery issues with ATC amicably. The parties have had at least a half-dozen conversations from January to March regarding the document requests, interrogatories, and the need for responses to those requests and interrogatories. Since these conversations have not resulted in a full production of

responsive documents nor the production of verified responses to interrogatories, the Government files this motion to compel.

DISCUSSION

For all of the document requests aside from 11, 12, 13, and 14, ATC indicated that it will produce responsive documents. App. D. Yet, ATC has not produced all documents responsive to these requests more than four months after the Government's requests. For example, with respect to document requests relating to ATC's planning and daily progress on the project (request numbers 8, 18, and 19), ATC has not produced the original construction schedule, revisions to the construction schedule (except one in May of 2002), construction logs, and most of the documents that one would expect to find memorializing the day-to-day progress on the job site.

In addition, ATC has failed to produce any documents responsive to request number 1 (documents relating to ATC's "understanding" that the Government would not seek termination for default for failure to complete the project by the completion date), 2 (documents relating to ATC's reliance upon the alleged "understanding"), 5 (resumes of project managers), 6 (documents relating to the performance of the project managers), and 7 (documents relating to resignations or terminations of project managers). Given that ATC indicated that it would produce documents responsive to these requests, but has failed to do so, we also suspect that ATC has only partially produced documents responsive to request numbers 3, 4, 9, 10, 15-17, and 20-24.

With respect to requests regarding ATC's finances (requests 11, 12, 13, and 14), ATC has objected that the requests are overly broad, unduly burdensome, and irrelevant to the parties' claims and defenses. It is difficult to imagine how these requests can be overly broad or unduly burdensome, since the requests cover a period of approximately two and a half years and probably amount to less than a full box of documents.

Furthermore, these documents are highly relevant because ATC has made its finances a central issue of the case. According to the draft interrogatory responses provided by ATC, the Government allegedly caused the delay by failing to make timely progress payments, which ultimately prevented ATC from paying its suppliers in a timely fashion. App. E at 2, 4. The Government disputes the allegation that its payments to ATC were untimely. Even if they were untimely, as a general rule, "the contractor's financial difficulties are not a legitimate excuse for its failure to make progress." Danzig v. AEC Corp., 224 F.3d 1333, 1339 (Fed. Cir. 2000).

To establish an exception to the general rule, the contractor must prove that the Government was the sole cause of the contractor's financial problems. Local Contractors, Inc., ASBCA No. 37108, 1991 WL 517213 (1991), aff'd, 988 F.2d 131 (Fed. Cir. 1993). Conversely, if the contractor's financial problems were of its own making through inadequate capitalization or financing, the contractor's delay will not be excusable. See, e.g., Southeastern Airways Corp. v. United States, 230 Ct. Cl.

47, 673 F.2d 368, 378 (1982) (concluding that the delay was not excusable in light of the contractor's thin capitalization). For these reasons, the document requests related to ATC's financial condition and financing are relevant to this case and should be produced.

Finally, ATC has not provided verified interrogatory responses more than four months after the Government served its interrogatories. ATC has only offered specific objections to answering interrogatory numbers 10 and 12. Taking these in reverse order, interrogatory number 12 (regarding loans to ATC) should be answered for the reasons described above with respect to document requests related to ATC's finances. Interrogatory number 10 (regarding affiliates of ATC) should be answered because it is likely to lead to the discovery of admissible evidence regarding ATC's financial condition and the cause of its financial condition. The remainder of the interrogatories should be answered because ATC has failed to provide a reason for not answering.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant defendant's motion and issue an order compelling ATC to produce responsive documents and to provide verified answers the Government's interrogatories.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, Jr.
Assistant Director

s/ Michael J. Dierberg
MICHAEL J. DIERBERG
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St., N.W.
Washington, D.C. 20530
Phone: (202) 353-0536
Fax: (202) 307-0972

March 23,2005

Attorneys for Defendant