# Appendix A

FILE

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ADVANCED TECHNOLOGY SYSTEMS INTEGRATORS CORP. and INTERNATIONAL FIDELITY INSURANCE COMPANY, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 03-1953C (Senior Judge Margolis) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26, 33 and 34 of the United States Court of Federal Claims, defendant requests that plaintiff answer under oath the following written interrogatories, separately and fully in writing, and respond to defendant's requests for production of documents, within thirty (30) days from the date of service.

DEFINITIONS

1. The terms "plaintiff," "you" or "your," as used herein, mean party plaintiff and any entity owned in whole or in part or controlled by plaintiff and includes all present and past employees, subcontractors, consultants, agents, investigators, directors, officers, experts, and representatives, including counsel and all other persons or entities acting or purporting to act upon plaintiff's behalf, who could reasonably be expected to have personal knowledge that would affect the completeness and accuracy of answers and responses made to these interrogatories and requests for production of documents.

2. The term "person," as used herein, includes any natural

person, corporation, partnership, other business association, or entity recognized by law, and the employees or independent contractors thereof, and any domestic or foreign government body, board, agency, branch, department, component, or element thereof.

3. The term "document," as used herein, means and includes without limitation the following items, whether printed, microfilmed, electronically recorded in sound and/or pictures, stored in computer memory or in a computer database, or reproduced by any process, or written or produced by hand, and regardless of whether claimed to be privileged or confidential or personal: letters, correspondence, memoranda, reports, summaries, notes, notebooks, sketches, prints, photographs, printed forms, manuals, brochures, diaries, books, lists, publications, agreements, working papers, intra-company and inter-company communications, electronic mail, notes, Post-Its, telephone messages, working papers, financial reports, accounting reports, work papers, drafts, facsimiles, contracts, invoices, records of purchases or sales, Teletype messages, directories, computer directories, computer disks, computer tapes, forecasts, statistical statements, graphs, charts, plans, drawings, minutes or records of meetings or conferences, policy statements, circulars, and any and all other writings, whether written, printed, typed, punched, taped, filmed, or graphic matter however produced or reproduced. The above includes any and all other materials of any tangible medium of expression and original or preliminary notes, including drafts, typing, printings, minutes,

or copies or reproductions thereof that are now or have ever been in the possession, custody or control of the plaintiff.

4. The term "identify," as used herein, in reference to:

A. A natural individual, means to state, to the extent known, his or her:

1. full name;

2. present residence address or, if that is not known, the answer shall so state and, in lieu of the present residence address, shall state the last known address and the last known date the person resided there;

3. present employer, business address, telephone number, and job title, if known, or, if not known, the answer shall so state; and

4. employer, address and job title at the time of the event, transaction, or occurrence to which the interrogatory relates.

B. A person other than a natural individual, means to state, to the extent known, the:

1. full name;

2. present or last known address;

3. date of incorporation, if known;

4. place(s) of business at the present time and at all times relevant to the interrogatory involved;

5. type(s) of business(es) in which it is engaged at present and was engaged at all times relevant to the interrogatory involved;

6. nature or customary business description (e.g., corporation, trust, etc.); and

7. person or persons who acted upon behalf of such entity with respect to the subject matter of the interrogatory.

C. A document, means to state, to the extent known the:

1. title, heading, or caption of such document;

2. identifying number(s), letter(s), or combination thereof, if any, and the significance or meaning of such number(s), letter(s), or combination thereof;

3. date appearing upon such document or, if no date appears thereon, the answer shall so state and shall give the date, or approximate date, upon which such document was prepared and/or executed;

4. description of the type of document (e.g. letter, handwritten notes, etc.) and the number of pages;

5. name of the person who signed such document or, if it was not signed, the answer shall so state and shall state the name of the author or originator;

6. name of the addressee(s), if any, and the name of each other person to whom such document or a copy thereof was sent;

7. present location and custodian of the original thereof or, if unknown, the present custodian of any copy thereof and the last known address of each such custodian;

8. short summary of the contents thereof; and

9. statement of whether plaintiff had possession or control of the original or a copy of the document which was, but no longer is, in its possession or subject to its control.

The foregoing information shall be given in sufficient detail to enable a party or person to whom a subpoena is directed to identify fully the document to be produced and to enable defendant to determine that such document, when produced, is in fact the document so described. (In lieu of the description requested above, plaintiff may, at its election, provide a copy of the document, with a notation upon a cover page attached to the document that will reference the document to the relevant interrogatory.)

D. An event, meeting, discussion, or telephone conversation, means to state:

1. the time, date, and location thereof;

2. the circumstances of the occurrence identified;

3. the identity of each person who participated in such meeting, discussion, or telephone conversation;

4. a summary of what was discussed; and

5. whether any notes, minutes, or other memoranda were made of the meeting, discussion, or telephone conversation and, if so to identify the notes, minutes or other memoranda as instructed in No. 4. C.1.-9. above.

5. References to the name of a company or the designation

of a party include the company or corporation, as the case may be, or the party, and its employees, agents, directors, officers, stockholders, principals, partners, representatives, attorneys, investigators, and consultants.

6. References to "contract provisions," "contract terms," "contract specifications," or "specifications" means all contract general and special conditions, contract drawings, contract clauses, and articles included in the contract and solicitation schedules and continuation sheets, purchase descriptions, and specifications incorporated by reference in any of the foregoing or in such specifications.

7. An interrogatory asking you to "explain in detail," "describe in detail," "state each fact," or "state all facts" seeks disclosure of each and every fact, circumstance, condition, and thing known to you about the subject of the interrogatory containing such a phrase and full identification and description of the source(s) of such facts, circumstances, conditions, and things, including, but not limited to, identification of each person having knowledge of and each document containing information relating to such fact, circumstance, condition, or thing.

8. "Project" means the project to upgrade the security at the Main Postal Facility, Bldg. 300 in Miami, Florida pursuant to Contract No. 123125-00-B-3154 with all modification.

9. "ATSIC" means plaintiff Advanced Technology Systems Integrators Corp.

INSTRUCTIONS

1. In answering these interrogatories, furnish all information, however obtained, including hearsay, that is available to you, including information known by or in the possession of yourself, your employees, subcontractors, experts, plaintiff's attorney, or appearing in your documents, not merely information within the personal knowledge of the individual(s) executing plaintiff's answers to interrogatories.

2. If plaintiff cannot answer the following interrogatories in full after exercising due diligence to secure the information, so state, and answer to the extent possible. Specify plaintiff's inability to answer the remainder, and state whatever information or knowledge plaintiff has concerning the unanswered portion.

3. These interrogatories and document requests are continuing in nature to the extent provided in Rule 26(e) of the United States Court of Federal Claims. If plaintiff obtains additional information, a supplemental response shall be furnished when such information becomes available, but not later than thirty days preceding the scheduled trial of this case.

4. Provide separate responses for each interrogatory or subpart thereof; do not join together and provide a common response or answer to two or more interrogatories or to subparts of an interrogatory.

5. Where exact statistical or numerical information, including dates or times, cannot be furnished, estimated or

approximate information is to be supplied. Where an estimate or approximation is supplied, it should be so indicated, and an explanation provided as to the basis upon which the estimate or approximation was made. State the reason(s) why exact statistical or numerical information cannot be furnished.

6. If any response, or any portion of any response, to any of the following interrogatories or subparts thereof is not made upon or by the present knowledge of the person signing or swearing to such response, identify each person from whom the information was obtained and each person who has personal knowledge of the information. Designate the number of the interrogatory for which each such person supplied information.

7. To the extent you consider any of the following interrogatories, or subparts thereof, to be objectionable, answer that portion of the interrogatory, or subpart thereof, to which you have no objection and separately state the portion of the interrogatory, or subpart thereof, to which you lodge an objection and state the specific grounds therefor.

INTERROGATORIES

INTERROGATORY NO. 1:

Identify each day from May 1, 2002 to July 15, 2002 that plaintiff, any of its employees, or any other person (including but not limited to any subcontractor on the Project), was not able to perform necessary tasks on the Project due to Government conduct. For each day identified, please provide the following information: (a) the nature of the task; (b) the person or persons who were supposed to complete the task; (c) the conduct of the Government which hindered or delayed completion of the task; and (d) when the task was actually completed.

INTERROGATORY NO. 2:

Identify all facts that support your contention that there was an understanding or agreement "that any delays in completion of work on the Project would not be grounds for default termination of the Contract by the United States."

INTERROGATORY NO. 3:

Identify each request for modification that the United States failed to process properly, and identify all facts that support your contention that the United States failed to properly process the modification.

INTERROGATORY NO. 4:

Identify all facts that support your assertion that "[t]he decision to terminate the Contract for default was not . . . free from outside influence."

INTERROGATORY NO. 5:

Identify all facts that support your assertion in paragraph 26 of the amended complaint that the United States misled plaintiff.

INTERROGATORY NO. 6:

Identify all facts that support your assertion that "the contract to complete the project included work not within ATSIC's original scope of work and/or included work which was not necessary to complete the work remaining the project."

<u>INTERROGATORY NO. 7</u>:

Identify all facts that support plaintiff's sixth affirmative defense (promissory estoppel) in plaintiff's answer and affirmative defenses to defendant's counterclaim.

INTERROGATORY NO. 8:

Identify all facts, aside from those identified in response to prior interrogatories, that in any way contributed to ATSIC's inability to complete the Project by the revised completion date, July 15, 2002.

INTERROGATORY NO. 9:

Identify all other projects for which ATSIC performed work or was required to perform work from May 1, 2002 to July 15, 2002. For each project identified, briefly describe the project, when ATSIC started work on the project, when work was originally scheduled to be completed, and when the project was actually completed.

INTERROGATORY NO. 10:

Identify any subsidiaries of ATSIC, any companies that have an ownership interest in ATSIC, and any companies under common ownership or control with ATSIC. The term "common ownership or control" includes companies in which Vincent J. Vento or a member of his immediate family directly or indirectly has more than a 10% ownership interest. For each company identified, state the relationship to ATSIC and the business that the company is engaged in.

INTERROGATORY NO. 11:

Identify all subcontractors who performed work on the Project or who entered into an agreement with ATSIC to perform work on the Project. For each subcontractor identified, describe the scope of work to be performed by the subcontractor, the date work was scheduled to commence, the date work was scheduled to be completed, and the date work by the subcontractor was actually completed.

INTERROGATORY NO. 12:

Identify all loans or extensions of credit, including but not limited to lines of credit, to ATSIC that had a principal balance or available credit at any time between January 1, 2002 and July 31, 2002. In identifying each loan or extension of credit, state: (a) the name of the lender; (b) the amount of the loan or extension of credit; (c) the terms of the loan or extension of credit; (d) the loan date; (e) the maturity date; and (f) the purpose of the loan.

INTERROGATORY NO. 13:

Identify each person who drafted, participated in drafting, commented upon, or supplied information for use in any of the responses to these interrogatories; and for each such person, identify by number the particular interrogatory responses in which he or she was involved and the nature of his or her involvement.

REQUESTS FOR PRODUCTION

Please provide copies of the following documents described below which are in your possession, custody, or control, or in the custody or control of your attorneys.

1. All documents that demonstrate, reflect, refer, or relate to plaintiff's understanding that the Government would not seek termination for default for failure to complete the Project by the completion date.

2. All documents that demonstrate, reflect, refer, or relate to plaintiff's reliance on the alleged understanding that the Government would not seek termination for default for failure to complete the Project by the completion date.

3. ATSIC's payroll from January 1, 2002, to July 31, 2002.

4. All documents that relate to, or refer to, plaintiff's staffing for the Project.

5. Resumes and job applications of each project manager of the Project.

6. All documents that discuss, refer to, comment upon, or relate to the performance of any of ATSIC's project managers for the Project, with respect to this Project or any other ATSIC project.

7. If any of the project managers for the Project resigned from employment or were terminated by ATSIC, any documents relating to their resignation or termination.

8. All construction logs.

9. All invoices sent by suppliers for the Project.

10. All documents reflecting payment to suppliers and subcontractors, including but not limited to receipts of payment or copies of checks paid to suppliers and subcontractors.

11. Bank statements for ATSIC from January 1, 2002, to July 15, 2002.

12. All correspondence with any bank or other financial institution, from January 1, 2000 to July 31, 2002, regarding any loan or extension of credit to ATSIC.

13. All loan documents regarding loans or extensions of credit identified in interrogatory No. 12.

14. All financial statements, including but not limited to statements of cash flow, for ATSIC from January 1, 2000 to July 31, 2002.

15. All documents that were used in support of ATSIC's request for project modifications.

16. All documents that relate to a requested project modification.

17. All agreements between ATSIC and subcontractors on the project.

18. The original construction schedule.

19. All documents reflecting or relating to revisions to the construction schedule.

20. All correspondence between ATSIC and any subcontractors on the Project.

21. All correspondence between ATSIC and Tri-State Life Safety &

Electrical Systems, Inc., from January 1, 2002, to July 31, 2002.

22. All documents that were identified in response to an interrogatory or that were reviewed or used in answering an interrogatory.

23. All documents that support any of ATSIC's claims or defenses.

24. All documents that relate or refer to the Project, or any work to be performed for the Project.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

ROBERT E. KIRSCHMAN, Jr.
Assistant Director

MICHAEL J. DIERBERG
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St., N.W.
Washington, D.C. 20530
Phone: (202) 353-0536
Fax: (202) 307-0972
Attorneys for Defendant

October 22, 2004

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on the 22 day of October, 2004, I caused to be placed in the United States mail (first class mail, postage prepaid) copies of "DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS" as follows:

Helen H. Albee
Henrichsen Siegel, PLLC
1648 Osceola St.
Jacksonville, FL 32204

Sue Smith