Appendix C

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ADVANCED TECHNOLOGY SYSTEMS INTEGRATORS CORP.<br><br>and<br><br>INTERNATIONAL FIDELITY INSURANCE COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 03-1953C<br>(Senior Judge Margolis) |

**PLAINTIFF ADVANCED TECHNOLOGIES SYSTEMS INTEGRATORS, INC.'S OBJECTIONS TO FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION DOCUMENTS**

Plaintiff Advanced Technologies Systems Integrators, Inc. ("ATSIC"), pursuant to Rules 26 and 33 of the Rules of the United States Court of Federal Claims, submit the following objections to Defendant The United States of America's (the "Government") First Set of Interrogatories.

**GENERAL STATEMENT AND RESERVATION OF RIGHTS**

F. Plaintiff's objections are based upon information now known to Plaintiff and its attorneys and are made without prejudice to Plaintiff's right to assert additional objections should Plaintiff discover additional grounds for objections.

G. The General Objections set forth below apply to each Interrogatory, and thus, for convenience, are not repeated after each, but rather are incorporated into each Response. The assertion of the same, similar, or additional objections or the provisions of partial answers in the

individual responses to these Interrogatories does not waive or modify any of Plaintiff's General Objections.

## GENERAL OBJECTIONS

A. Plaintiff objects to any Interrogatory and any Request for Production that may request information subject to attorney-client privilege, attorney work product doctrine, other applicable privileges or protections, or that may be protected by Rule 26 of the Rules of the United States Court of Federal Claims. Plaintiff reserves the right to object to the introduction into evidence before the Court at any time before or at trial of information that is privileged or protected and that has been revealed or produced inadvertently. Plaintiff does not by its Responses waive any claim of privilege, attorney work product or any other applicable protection.

B. Plaintiff objects to Interrogatories and Requests for Production that call for the identification or production of "any," "all," or "related to" with respect to persons or documents, as being vague, overly broad and unduly burdensome to the extent that they request information and items irrelevant to the claims or defenses of any party to this litigation or not reasonably calculated to lead to the discovery of admissible evidence.

C. Plaintiff objects to the Interrogatories and Requests for Production to the extent that they are vague and ambiguous, such that Plaintiff is unable to discern the meaning of particular phrases or words used in them. Where possible, Plaintiff will respond based upon its understanding of the Interrogatory or the Request for Production.

D. Plaintiff objects to the Interrogatories and the Requests for Production to the extent that they seek routine information of no materiality to the litigation, or information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

E. Plaintiff objects to any Interrogatory and Request for Production that seeks information from documents that are not in Plaintiff's possession, custody or control.

F. Plaintiff objects to any Interrogatory and any Request for Production that seeks to impose on it a duty or obligation beyond that which is required by the Rules of the United States Court of Federal Claims.

## SPECIFIC OBJECTIONS TO INTERROGATORIES

INTERROGATORY NO. 1:

Identify each day from May 1, 2002 to July 15, 2002 that plaintiff, any of its employees, or any other person (including but not limited to any subcontractor on the Project), was not able to perform necessary tasks on the Project due to Government conduct. For each day identified, please provide the following information: (a) the nature of the task; (b) the person or persons who were supposed to complete the task; (c) the conduct of the Government which hindered or delayed completion of the task; (d) when the task was actually completed.

**Objection.** Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome because it seeks information in a form which may to unnecessarily repetitive and cumulative.

INTERROGATORY NO. 2:

Identify all facts that support your contention that there was an understanding or agreement "that any delays in completion of work on the Project would not be grounds for default termination of the Contract by the United States."

**Objection.** Plaintiff restates and incorporates the General Objections above as if fully set forth herein.

INTERROGATORY NO. 3:

Identify each request for modification that the United States failed to process properly, and identify all facts that support your contention that the United States failed to properly process the modification.

**Objection.** Plaintiff restates and incorporates the General Objections above as if fully set forth herein.

INTERROGATORY NO. 4:

Identify all facts that support your assertion that "[t]he decision to terminate the Contract for default was not . . . free from outside influence."

**Objection.** Plaintiff restates and incorporates the General Objections above as if fully set forth herein.

INTERROGATORY NO. 5:

Identify all facts that support your assertion in paragraph 26 of the amended complaint that the United States misled plaintiff.

**Objection.** Plaintiff restates and incorporates the General Objections above as if fully set forth herein.

INTERROGATORY NO. 6:

Identify all facts that support your assertion that "the contract to complete the project included work not within ATSIC's original scope of work and/or included work which was not necessary to complete the work remaining the project."

**Objection.** Plaintiff restates and incorporates the General Objections above as if fully set forth herein.

INTERROGATORY NO. 7:

Identify all facts that support plaintiff's sixth affirmative defense (promissory estoppel) in plaintiff's answer and affirmative defenses to defendant's counterclaim.

**Objection.** Plaintiff restates and incorporates the General Objections above as if fully set forth herein.

INTERROGATORY NO. 8:

Identify all facts, aside from those identified in response to prior interrogatories, that in any way contributed to ATSIC's inability to complete the Project by the revised completion date, July 15, 2002.

**Objection.** Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. The phrase "in any way contributed" is overly broad, ambiguous and encompasses a myriad of circumstances which may be irrelevant to the issues raised in the litigation. Plaintiff also restates and incorporates the General Objections above as if fully set forth herein.

INTERROGATORY NO. 9:

Identify all other projects for which ATSIC performed work or was required to perform work from May 1, 2002 to July 15, 2002. For each project identified, briefly describe the project, when ATSIC started work on the project, when work was originally scheduled to be completed, and when the project was actually completed.

**Objection.** Plaintiff restates and incorporates the General Objections above as if fully set forth herein.

INTERROGATORY NO. 10:

Identify any subsidiaries of ATSIC, any companies that have an ownership interest in ATSIC, and the companies under common ownership or control with ATSIC. The term "common ownership or control" includes companies in which Vincent J. Vento or a member of

his immediate family directly or indirectly has more than a 10% ownership interest. For each company identified, state the relationship to ATSIC and the business that the company is engaged in.

**Objection.** Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome because it seeks information not relevant to the claims or defenses of any party to this lawsuit for the following reasons and which is outside the scope of discovery. First, the contract at issue was between Plaintiff ATSIC and the United States Postal Service. The identity of subsidiaries of ATSIC, any companies that have an ownership interest in ATSIC, and the companies under common ownership or control with ATSIC not parties to the contract is not relevant to the claims or defenses raised by either of the Plaintiffs or the Government. Second, this Interrogatory seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. This Interrogatory is improperly seeking information which may be relevant only in the event the Government prevails on its claims against Plaintiff.

INTERROGATORY NO. 11:

Identify all subcontractors who performed work on the Project or who entered into an agreement with ATSIC to perform work on the Project. For each subcontractor identified, describe the scope of work to be performed by the subcontractor, the date work was scheduled to commence, the date work was scheduled to be completed, and the date work by the subcontractor was actually completed.

**Objection.** Plaintiff restates and incorporates the General Objections above as if fully set forth herein.

INTERROGATORY NO. 12:

Identify all loans or extensions of credit, including but not limited to lines of credit, to ATSIC that had a principal balance or available credit at any time between January 1, 2002 and July 31, 2002. In identifying each loan or extension of credit, state: (a) the name of the lender; (b) the amount of the loan or extension of credit; (c) the terms of the loan or extension of credit; (d) the loan date; (e) the maturity date; and (f) the purpose of the loan.

**Objection.** Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome because it seeks information not relevant to the claims or defenses of any party to this lawsuit for the following reasons. First, this type of financial information is not relevant to the claims or defenses raised by either of the Plaintiffs or the Government. Second, this Interrogatory seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and which is outside the scope of discovery.

INTERROGATORY NO. 13:

Identify each person who drafted, participated in drafting, commented upon, or supplied information for use in any of the responses to these interrogatories; and for each such person, identify by number the particular interrogatory responses in which he or she was involved and the nature of his or her involvement.

**Objection.** Plaintiff restates and incorporates the General Objections above as if fully set forth herein. Plaintiff also objects to the extent it seeks information subject to attorney-client privilege, work product doctrine, other applicable privileges or protections, or that may be otherwise protected by law.

## OBJECTIONS TO REQUESTS FOR PRODUCTION

1. All documents that demonstrate, reflect, refer, or relate to the Plaintiff's understanding that the Government would not seek termination for default for failure to complete the Project by the completion date.

**Objection.** Plaintiff objects to this Request as being overly board and unduly burdensome and to the extent this Request seeks documents protected by attorney-client privilege, work product doctrine, other applicable privileges or protections, or that may be otherwise protected by law. Plaintiff also restates and incorporates the General Objections above as if fully set forth herein.

2. All documents that demonstrate, reflect, refer or relate to plaintiff's reliance on the alleged understanding that the Government would not seek termination for default for failure to complete the Project by the completion date.

**Objection.** Plaintiff objects to this Request as being overly board and unduly burdensome and to the extent this Request seeks documents protected by attorney-client privilege, work product doctrine, other applicable privileges or protections, or that may be otherwise protected by law. Plaintiff also restates and incorporates the General Objections above as if fully set forth herein.

3. ATSIC's payroll from January 1, 2002 to July 31, 2002.

**Objection.** Plaintiff objects to this Request to the extent it seeks personal confidential information about individuals who are no parties to this litigation which is not relevant to the claims or defenses of any party to this lawsuit. Plaintiff also restates and incorporates the General Objections above as if fully set forth herein.

4. All documents that relate to, or refer to, plaintiff's staffing for the Project.

**Objection.** Plaintiff objects to this Request as being overly board and unduly burdensome and to the extent this Request seeks documents protected by attorney-client privilege, work product doctrine, other applicable privileges or protections, or that may be otherwise protected by law. Plaintiff also restates and incorporates the General Objections above as if fully set forth herein.

5. Resumes and job applications of each project manager of the Project.

**Objection.** Plaintiff objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks information not relevant to the claims or defenses of any party to this lawsuit. Plaintiff also restates and incorporates the General Objections above as if fully set forth herein.

6. All documents that discuss, refer to, comment upon, or relate to the performance of any of ATSIC's project managers for the Project, with respect to this Project or any other ATSIC project.

**Objection.** Plaintiff objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks information not relevant to the claims or defenses of any party to this lawsuit in that it seeks information on projects not at issue in the litigation. Plaintiff also restates and incorporates the General Objections above as if fully set forth herein.

7. If any of the project managers for the Project resigned from employment or were terminated by ATSIC, any documents relating to their resignation or termination.

**Objection.** Plaintiff objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks information not relevant to the claims or defenses of any

party to this lawsuit. Plaintiff also restates and incorporates the General Objections above as if fully set forth herein.

8. All construction logs.

**Objection**. Plaintiff restates and incorporates the General Objections above as if fully set forth herein. Plaintiff also objects to this Request as overly broad, unduly burdensome, vague and ambiguous as it is not limited to the Project at issue, nor is it limited by time period.

9. All invoices sent by suppliers for the Project.

**Objection**. Plaintiff restates and incorporates the General Objections above as if fully set forth herein.

10. All documents reflecting payment to suppliers and subcontractors, including but not limited to receipts of payment or copies of check paid to suppliers and subcontractors.

**Objection**. Plaintiff restates and incorporates the General Objections above as if fully set forth herein.

11. Bank statements for ATSIC from January 1, 2002 to July 15, 2002.

**Objection.** Plaintiff objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks information not relevant to the claims or defenses of any party to this lawsuit for the following reasons. First, this type of financial information is not relevant to the claims or defenses raised by either of the Plaintiffs or the Government. Second, this Interrogatory seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and which is outside the scope of discovery.

12. All correspondence with any bank or other financial institution, from January 1, 2000 to July 31, 2002, regarding any loan or extension of credit to ATSIC.

**Objection.** Plaintiff objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks information not relevant to the claims or defenses of any party to this lawsuit for the following reasons. First, this type of financial information is not relevant to the claims or defenses raised by either of the Plaintiffs or the Government. Second, this Interrogatory seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and which is outside the scope of discovery.

13. All loan documents regarding loans or extensions of credit identified in Interrogatory No. 12.

**Objection.** Plaintiff objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks information not relevant to the claims or defenses of any party to this lawsuit for the following reasons. First, this type of financial information is not relevant to the claims or defenses raised by either of the Plaintiffs or the Government. Second, this Interrogatory seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and which is outside the scope of discovery.

14. All financial statements, including but not limited to statements of cash flow, for ATSIC from January 1, 2000 to July 31, 2002.

**Objection.** Plaintiff objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks information not relevant to the claims or defenses of any party to this lawsuit for the following reasons. First, this type of financial information is not relevant to the claims or defenses raised by either of the Plaintiffs or the Government. Second,

this Interrogatory seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and which is outside the scope of discovery.

15. All documents that were used in support of ATSIC's request for project modifications.

**Objection**. Plaintiff restates and incorporates the General Objections above as if fully set forth herein.

16. All documents that relate to a requested project modification.

**Objection**. Plaintiff restates and incorporates the General Objections above as if fully set forth herein.

17. All agreements between ATSIC and subcontractors on the project.

**Objection**. Plaintiff restates and incorporates the General Objections above as if fully set forth herein.

18. The original construction schedule.

**Objection**. Plaintiff restates and incorporates the General Objections above as if fully set forth herein.

19. All documents reflecting or relating to revisions to the construction schedule.

**Objection**. Plaintiff restates and incorporates the General Objections above as if fully set forth herein.

20. All correspondence between ATSIC and any subcontractors on the Project.

**Objection**. Plaintiff restates and incorporates the General Objections above as if fully set forth herein.

21. All correspondence between ATSIC and Tri-State Life Safety & Electrical Systems, Inc., from January 1, 2002 to July 31, 2002.

**Objection**. Plaintiff restates and incorporates the General Objections above as if fully set forth herein.

22. All documents that were identified in response to any interrogatory or that were reviewed or used in answering an interrogatory.

**Objection**. Plaintiff objects to this Request as being overly board and unduly burdensome and to the extent this Request seeks documents protected by attorney-client privilege, work product doctrine, other applicable privileges or protections, or that may be otherwise protected by law. Plaintiff also restates and incorporates the General Objections above as if fully set forth herein.

23. All documents that support any of ATSIC's claims or defenses.

**Objection**. Plaintiff objects to this Request as being overly board and unduly burdensome and to the extent this Request seeks documents protected by attorney-client privilege, work product doctrine, other applicable privileges or protections, or that may be otherwise protected by law. Plaintiff also restates and incorporates the General Objections above as if fully set forth herein.

24. All documents that relate or refer to the Project, or any work to be performed for the Project.

**Objection**. Plaintiff objects to this Request as being overly board and unduly burdensome and to the extent this Request seeks documents protected by attorney-client privilege, work product doctrine, other applicable privileges or protections, or that may be

otherwise protected by law. Plaintiff also restates and incorporates the General Objections above as if fully set forth herein.

Respectfully submitted,

HENRICHSEN SIEGEL, P.L.L.C.

Date: November 24, 2004

Helen H. Albee
1648 Osceola St.
Jacksonville, FL 32204
Tel.: (904) 381-8183
Fax: (904) 381-8191
Halbee@hslawyers.com
Attorneys for Plaintiffs

Of Counsel:

Neil L. Henrichsen
Henrichsen Siegel, P.L.L.C.
1850 M Street, NW
Suite 250
Washington, DC 20036
Tel.: (202) 293-7766
Fax: (202) 293-7778

**CERTIFICATE OF SERVICE**

I certify that on this 24th day of November, 2004, a copy of the foregoing Plaintiffs' First Request for Production of Documents was faxed at (202) 307-0972 and sent by U.S. Mail to the following:

Michael Dierberg, Esquire
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, NW, 8th Floor
Washington, DC 20530

Helen H. Albee