Appendix E

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

ADVANCED TECHNOLOGY SYSTEMS INTEGRATORS CORP.

and

INTERNATIONAL FIDELITY INSURANCE COMPANY

Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

Defendant.

Case No. 03-1953C
(Senior Judge Margolis)

**PLAINTIFF ADVANCED TECHNOLOGIES SYSTEMS INTEGRATORS, INC.'S UNVERIFIED RESPONSES TO FIRST SET OF INTERROGATORIES**

Subject to and without waiving the General and specific Objections which were previously served, Plaintiff Advanced Technologies Systems Integrators, Inc. ("ATSIC"), pursuant to Rules 26 and 33 of the Rules of the United States Court of Federal Claims, submit the following responses to Defendant The United States of America's (the "Government") First Set of Interrogatories.

**GENERAL STATEMENT AND RESERVATION OF RIGHTS**

A. The information supplied in these Responses is not based solely upon the knowledge of Plaintiffs, but includes the knowledge of Plaintiffs' agents, representatives and, unless privileged, its attorneys.

B. Defendant's Interrogatories have been interpreted and answered in accordance with the Rules of the United States Court of Federal Claims, plain English usage, and to the extent not specifically challenged by objection, the definitions and instructions included with the Interrogatories.

C. Plaintiff reserves the right to supplement these Responses in accordance with the Rules of the United States Court of Federal Claims.

D. No incidental or implied admissions are intended by any Response by Plaintiff to any Interrogatory. That the Plaintiff has responded to any Interrogatory is not an admission that Plaintiff accepts or admits the existence of any facts set forth or assumed by any such Interrogatory.

**RESPONSES TO INTERROGATORIES**

INTERROGATORY NO. 1:

Identify each day from May 1, 2002 to July 15, 2002 that plaintiff, any of its employees, or any other person (including but not limited to any subcontractor on the Project), was not able to perform necessary tasks on the Project due to Government conduct. For each day identified, please provide the following information: (a) the nature of the task; (b) the person or persons who were supposed to complete the task; (c) the conduct of the Government which hindered or delayed completion of the task; (d) when the task was actually completed.

**RESPONSE:**

Subject to the previously served specific objections and the General Objections, Plaintiff states that ATSIC informed USPS on numerous occasions that it was experiencing difficulty performing the work necessary to complete the Project due to the failure of the Government to make payments to ATSIC. ATSIC had difficulty obtaining materials necessary to complete the Project because suppliers were refusing to ship materials due to outstanding balances due.

INTERROGATORY NO. 2:

Identify all facts that support your contention that there was an understanding or agreement "that any delays in completion of work on the Project would not be grounds for default termination of the Contract by the United States."

**RESPONSE:**

Subject to the General Objections previously served, Plaintiff states that ATSIC was negotiating with the USPS to settle the issues arising out of the Air Mail Facility, Security Access and Control Project, Contract No. 123125-00-B-3153 ("AMF Project") during the first part of 2002. These negotiations were predicated on the representation that once the issues pertaining to the AMF Project were resolved, ATSIC would be permitted to complete the P& DC Project which may have included granting the necessary time extensions to complete the project. This is embodied in Modification No. 11. Thus, the delays would not be used as a basis for termination for default. ATSIC relied on the USPS's representations to its detriment by entering into Modification No. 11 with USPS. Then, ATSIC was terminated for default by USPS for not completing the Project by July 15, 2002 rather than assessing liquidated damages and allowing ATSIC to complete.

INTERROGATORY NO. 3:

Identify each request for modification that the United States failed to process properly, and identify all facts that support your contention that the United States failed to properly process the modification.

**RESPONSE:**

Subject to the General Objections previously served, Plaintiff states that from the beginning of the P & DC Project, a pattern emerged whereby SEC, USPS's representative, would perform Project inspections and there would be a tentative agreement with ATSIC regarding the percentage of work completed and the payment to be made by USPS. However, SEC would not agree at the time of the Project inspections to sign off on ATSIC's payment requisitions. Then, several days later, SEC would issue its Field Inspection Report which would decrease the percentage of work completed and bring up problems with the work. ATSIC's payment requisition would then be submitted for a lesser amount and would be paid by USPS after another delay of several days. This pattern impacted the modifications because the payments for the modifications would be included in ATSIC's original payment requisition. Thus, ATSIC would be performed additional work and the payment for this work would be substantially delayed.

The delays in payment severely impacted ATSIC throughout the Project and especially near the end of its involvement with the Project. ATSIC was unable to pay its subcontractors and suppliers. As a result, materials were not supplied as needed and subcontractors stopped performing under their contracts with ATSIC.

INTERROGATORY NO. 4:

Identify all facts that support your assertion that "[t]he decision to terminate the Contract for default was not . . . free from outside influence."

**RESPONSE:** Subject to the General Objections set forth above, Plaintiff states as follows:

Jose A. Blanco was the original architect on the Project. Blanco hired SEC to perform the Project inspections. From the beginning of the Project, the relationship between ATSIC and SEC was strained to the point of being almost adversarial. Blanco served as a buffer between SEC and ATSIC.

However, in the Fall of 2001, Blanco was removed from the Project due to his indictment and subsequent conviction for Fraud involving his contracts with USPS. USA v. Blanco, United States District Court, Southern District of Florida, Case No. 2001cr964all. Following Blanco's removal, SEC was hired by USPS. ATSIC requested that USPS consider using a different engineering firm due to the adversarial relationship between SEC and ATSIC. ATSIC made this suggestion because it felt it would be in the best interests of the USPS and the Project to have a contractor and project architect/engineering with a good working relationship. ATSIC was also concerned about SEC's close relationship with its competitor, Tri-State Life Safety. ATSIC felt that SEC would not let ATSIC complete the Project and would strongly recommend to USPS that Tri-State Life Safety be awarded the reprocurement contract. In fact, that is exactly what happened on the Project.

INTERROGATORY NO. 5:

Identify all facts that support your assertion in paragraph 26 of the amended complaint that the United States misled plaintiff.

**RESPONSE:**

Subject to the General Objections previously served, Plaintiff refers to its Response to Interrogatory No. 2. in response to this Interrogatory.

INTERROGATORY NO. 6:

Identify all facts that support your assertion that "the contract to complete the project included work not within ATSIC's original scope of work and/or included work which was not necessary to complete the work remaining the project."

**RESPONSE:** Subject to the General Objections previously served, Plaintiff states as follows:

The United States Postal Services's contract with Tri-State Life Safety ("Tri-State") and all modifications to the original contract includes the following costs and/or scope of work which was not included in Plaintiff's contract:

1) the cost for replacing equipment which was stolen from the work site after the reprocurement contract was awarded to Tri-State;

2) the costs for the correction of design errors and deficiencies, i.e., the omitted graphic unit interface, numerous door closers, and additional signage necessary for safety;

3) the costs to provide labor and materials to incorporate the design changes to the gate required by Miami-Dade County Fire Rescue to allow its emergency vehicles to enter the facility;

4) the costs to provide labor and materials to repair and/or replace equipment damaged by lightning and/or vehicles while Tri-State was performing work on the Project.

The United States Postal Services's contract with Joe Erickson and all modifications to the original contract includes the following costs and/or scope of work which was not included in Plaintiff's contract:

1) the costs for the correction of design errors and deficiencies, i.e., the numerous omitted door closers, omitted badge reader posts, and additional signage necessary for safety; and

2) the costs to provide labor and materials to incorporate the design changes to the gate required by Miami-Dade County Fire Rescue to allow its emergency vehicles to enter the facility.

ATSIC specifically reserves the right to amend this response as discovery on this issue is continuing. The documents provided to date by the Government are insufficient to fully analyze the scope of work involved in Tri-State Life Safety's initial bid price and its final reprocurement contract price.

<u>INTERROGATORY NO. 7</u>:

Identify all facts that support plaintiff's sixth affirmative defense (promissory estoppel) in plaintiff's answer and affirmative defenses to defendant's counterclaim.

**<u>RESPONSE</u>:**

Subject to the General Objections previously served, Plaintiff refers to its Response to Interrogatory No. 2. in response to this Interrogatory.

INTERROGATORY NO. 8:

Identify all facts, aside from those identified in response to prior interrogatories, that in any way contributed to ATSIC's inability to complete the Project by the revised completion date, July 15, 2002.

**RESPONSE:**

Subject to the General Objections previously served, ATSIC states that there were delays associated with adverse weather conditions which impacted its ability to complete the Project by the revised completion date. ATSIC submitted a time extension request due to weather impacts.

INTERROGATORY NO. 9:

Identify all other projects for which ATSIC performed work or was required to perform work from May 1, 2002 to July 15, 2002. For each project identified, briefly describe the project, when ATSIC started work on the project, when work was originally scheduled to be completed, and when the project was actually completed.

**RESPONSE:**

Subject to the General Objections previously served, after ATSIC stopped working on the AMC Project, the only project is was working on was the P & DC Project. It had not contracted for any new projects during May 1, 2002 through July 15, 2002.

INTERROGATORY NO. 10:

Identify any subsidiaries of ATSIC, any companies that have an ownership interest in ATSIC, and the companies under common ownership or control with ATSIC. The term "common ownership or control" includes companies in which Vincent J. Vento or a member of his immediate family directly or indirectly has more than a 10% ownership interest. For each company identified, state the relationship to ATSIC and the business that the company is engaged in.

**RESPONSE:**

ATSIC will respond only after the resolution of the specific and General Objections to this Interrogatory which were previously served.

INTERROGATORY NO. 11:

Identify all subcontractors who performed work on the Project or who entered into an agreement with ATSIC to perform work on the Project. For each subcontractor identified, describe the scope of work to be performed by the subcontractor, the date work was scheduled to commence, the date work was scheduled to be completed, and the date work by the subcontractor was actually completed.

**RESPONSE:**

Subject to the specific and General objections previously served, ATSIC responds that the following subcontractors were involved in the Project:

Doortech

GM Electric

Go For it Directional Drilling

Vicon Industries

Hirsch Electronics

By way of further response, ATSIC states that the answer to the remaining portions of this Interrogatory may be derived or ascertained from ATSIC's business records or from an examination, audit or inspection of such business records and the burden of deriving or ascertaining the answer is substantially the same for the Government as for ATSIC. Therefore, in accordance with Rule 33(d) of the Rules of the Court of Federal Claims, ATSIC shall make available for inspection and copying non-privileged business records responsive to this Interrogatory.

INTERROGATORY NO. 12:

Identify all loans or extensions of credit, including but not limited to lines of credit, to ATSIC that had a principal balance or available credit at any time between January 1, 2002 and July 31, 2002. In identifying each loan or extension of credit, state: (a) the name of the lender; (b) the amount of the loan or extension of credit; (c) the terms of the loan or extension of credit; (d) the loan date; (e) the maturity date; and (f) the purpose of the loan.

**RESPONSE:**

ATSIC will respond only after the resolution of the specific and General Objections to this Interrogatory which were previously served.

INTERROGATORY NO. 13:

Identify each person who drafted, participated in drafting, commented upon, or supplied information for use in any of the responses to these interrogatories; and for each such person, identify by number the particular interrogatory responses in which he or she was involved and the nature of his or her involvement.

**RESPONSE:**

Subjection to the specific and General objections previously served, in particular the attorney-client and work product privilege, ATSIC states Vincent Vento was involved in supplying information for each response. Counsel for ATSIC, Helen Albee, was involved in drafting the responses.

**VERIFICATION**

I, Vincent Vento, of Advanced Technologies Systems Integrators Corp., am duly authorized to execute these Responses to Interrogatories under oath on its behalf. The information set forth in these Responses was collected by others, and such information is not necessarily within my personal knowledge. However, on behalf of Advanced Technologies Systems Integrators Corp., I solemnly affirm under the penalties of perjury that the foregoing Responses to Interrogatories are true to the best of my knowledge, information and belief.

Advanced Technologies Systems Integrators Corp.

________________________
Date

________________________
Vincent Vento
President

State of Florida
County of Dade to wit:

Subscribed and sworn before me, a notary public in and for the county and state aforesaid, this ____ day of December, 2004.

________________________
Notary Public
My Commission Expires:

Respectfully submitted,
As to objections,

HENRICHSEN SIEGEL, P.L.L.C.

Date: 12/10/04

Helen H. Albee
1648 Osceola St.
Jacksonville, FL 32204
(904) 381-8183
(904) 381-8191 (fax)
HAlbee@hslawyers.com
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I certify that on this 10th day of December, 2004, a copy of the foregoing Unverified Plaintiff's Response to First Set of Interrogatories was faxed at (202) 307-0972 and sent by U.S. Mail to the following:

Michael Dierberg, Esquire
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, NW, 8th Floor
Washington, DC 20530

Helen H. Albee