IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ADVANCED TECHNOLOGY SYSTEMS INTEGRATORS CORP.<br><br>and<br><br>INTERNATIONAL FIDELITY INSURANCE COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 03-1953C<br>(Senior Judge Margolis) |

**PLAINTIFFS’ UNOPPOSED MOTION TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs ADVANCED TECHNOLOGY SYSTEMS INTEGRATORS CORP. (hereinafter “ATSIC”) and INTERNATIONAL FIDELITY INSURANCE COMPANY (hereinafter “International”) move the court for leave to file their Second Amended Complaint against Defendants THE UNITED STATES OF AMERICA, pursuant to Rule 15, RCFC, and state as follows:

1. The First Amended Complaint was filed prior to substantial discovery being conducted in this matter. Upon review of documents provided in discovery, ATSIC determined that it had additional defenses to the claims for reprocurement costs made by the Defendant.

2. ATSIC also determined that the appeal of its claim for additional payment due to it under the underlying Contract was not adequately set forth in the First Amended Complaint.

3. As recently as September 9, 2005, the Government revised its calculation of the alleged excess reprocurement costs relating to the Contract at issue. The method of calculation of

reprocurement costs was substantially different that its prior methods of calculation, and the revised method of calculation and amount provide the basis for one or more additional defenses to the Governments claim of excess reprocurement costs.

4. Upon ATSICs determination that it had additional defenses and claims and that the First Amended Complaint should be restated to assert ATSICs defenses and claims, ATSIC decided to retain its own attorneys, rather than to continue to share attorneys with Plaintiff International. Accordingly, Plaintiff filed its Joint Motion for Change of Attorney September 29, 2005, which was granted by the Court on October 5, 2005.

5. Very few depositions have been taken in this case, and permitting the filing of a Second Amended Complaint will not result in a request of a second deposition of any witness that was previously deposed. The parties, in cooperation with each other, postponed pending depositions in order to seek to allow the Court to extend the discovery cut-off date and to allow the Court to hear this Motion.

6. No party will be prejudiced by the Court granting this Motion.

7. This matter is not currently set for trial.

8. Counsel for the Defendant, United States, has no objection to entry of an order granting this Motion.

9. A copy of the proposed Second Amended Complaint is attached to this Motion.

LEGAL ARGUMENT AND AUTHORITIES

Rule 15(a) of the Rules of the United States Court of Federal Appeals provides that a party may seek leave of the Court to amend its pleadings and that leave shall be given freely when justice so requires. Rule 15(a), RCFC. Rule 15(a) RCFC is identical to Rule 15(a) Federal Rules of Civil

Procedure in this respect. As the Supreme Court explained in *Foman v. Davis*, 371 U.S. 178 (1962), Rule 15(a) is to be liberally construed:

> Rule 15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded. (citation omitted) If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason  such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.  leave sought should, as the rules require, be freely given. Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.* at 182.

In the instant case, there would be no undue delay caused by allowing the requested amendment. There is no bad faith or dilatory motive on the part of the Plaintiffs. There is no undue prejudice to the opposing party. Indeed, there are no new transactions added by the proposed pleadings. Instead, the pleadings clarify the legal issues and legal theories that provide the basis for the relief due to the Plaintiffs. In the interests of justice and in order to allow this matter to be tried on the merits, the Court should grant leave to amend.

WHEREFORE, Plaintiffs respectfully request that this honorable Court authorize Plaintiffs to file the Second Amended Complaint, deem the Second Amended Complaint attached to this

Motion to be filed as of the date of the Courts order granting this Motion, provide an adequate and reasonable time for the Defendant to respond to the Second Amended Complaint, and grant such other and further relief as the Court may deem just and proper.

DATED this 18th day of October, 2005.

E. SCOTT GOLDEN & ASSOCIATES
Attorneys for Plaintiff Advanced
Technology Systems Integrators Corp.
644 Southeast Fourth Avenue
Fort Lauderdale, FL 33301
Tel.: (954) 764-6766 ext. 2
Fax: (954) 764-6789
Email: esglaw@bellsouth.net

s/E. Scott Golden
E. Scott Golden

HENRICHSEN SIEGEL, P.L.L.C.
Attorneys for Plaintiff International Fidelity Insurance Company
1648 Osceola St.
Jacksonville, FL 32204
Tel.: (904) 381-8183
Fax: (904) 381-8191
Email: Halbee@hslawyers.com

s/Helen H. Albee
Helen H. Albee

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

electronic transmission to the following person as of this 18th day of October, 2005.

Michael J. Dierberg, Esquire
U.S. Department of Justice, Civil Division
Commercial Litigation Branch
1100 L. Street NW, Room 12116
Washington, D.C. 20530

s/E. Scott Golden
E. Scott Golden

HP3\C:\Documents and Settings\HP_Owner\My Documents\lit\3082-1\cptamend.mot.wpd (Rev. October 5, 2005)