IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ADVANCED TECHNOLOGY SYSTEMS INTEGRATORS CORP. and INTERNATIONAL FIDELITY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 03-1953C<br>(Senior Judge Margolis) |

DEFENDANT'S ANSWER AND COUNTERCLAIM
TO PLAINTIFFS' SECOND AMENDED COMPLAINT

For its answer to plaintiffs' second amended complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiffs' characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies.

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits.

5. The allegations contained in paragraph 5 constitute plaintiffs' characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 constitute plaintiffs' characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. Admits the allegations contained in paragraph 7 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in the first sentence of paragraph 9. Admits the allegations contained in the second sentence of paragraph 9 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 9. Denies the allegations contained in the third sentence of paragraph 9. Admits the allegations contained in the fourth sentence of paragraph 9 that the parties were not able to resolve the issues raised in proposed Modifications 3, 4, and 5 until the issuance of Modification No. 11, dated May 29, 2002; otherwise denies the allegations contained in the fourth sentence of paragraph 9.

10. Admits the allegations contained in the first and second sentences of paragraph 10 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first and second sentences of paragraph 10. The allegations contained in the third

sentence of paragraph 10 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The citation following the third sentence of paragraph 10 is not an allegation of fact to which an answer is required; to the extent that it may be deemed an allegation of fact, it is denied. Denies the allegations contained in the fourth sentence of paragraph 10. Admits the allegations contained in the fifth sentence of paragraph 10. Denies the allegations contained in the sixth and seventh sentences of paragraph 10.

11. Admits the allegations contained in the first, second, and third sentences of paragraph 11 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first, second, and third sentences of paragraph 11. Denies the allegations contained in the fourth sentence of paragraph 11.

12. Admits the allegations contained in the first sentence of paragraph 12 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 12. Admits the allegations contained in the footnote to the first sentence of paragraph 12 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in footnote to the first sentence of paragraph 12. Admits the allegations contained in the second sentence of paragraph 12. Denies the allegations contained in the third and fourth sentences of paragraph 12.

13. Admits the allegations contained in the first sentence of paragraph 13 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 13. Admits the allegations contained in the second sentence of paragraph 13 that there were disputes regarding some of the proposed contract modifications; otherwise denies the allegations contained in the second sentence of paragraph 13. Admits the allegations contained in the third and fourth sentences of paragraph 13 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third and fourth sentences of paragraph 13. Admits the allegations contained in the footnote to the third sentence of paragraph 13 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the footnote to the third sentence of paragraph 13. Admits the allegations contained in the fifth sentence of paragraph 13.

14. Denies the allegations contained in the first sentence of paragraph 14. Admits the allegations contained in the second and third sentences of paragraph 14 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 14. Denies the allegations contained in the fourth and fifth sentences of paragraph 14.

15. Denies the allegations contained in the first sentence of paragraph 15. Denies the allegations contained in the second sentence of paragraph 15 regarding

whether there was a meeting between a representative or representatives of Advanced Technology Systems Integrators Corp. ("ATSIC") and the project engineer on January 18, 2002 for lack of knowledge or information sufficient to form a belief as to their truth; admits the remainder of the allegations contained in the second sentence of paragraph 15 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 15. Denies the remainder of the allegations contained in paragraph 15.

16. Denies the allegations contained in the first sentence of paragraph 16, including all subparts. Admits the allegations contained in the second sentence of paragraph 16 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 16.

17. Denies the allegations contained in the first sentence of paragraph 17. Denies the allegations contained in the second sentence of paragraph 17 that the contracting officer informed ATSIC on February 11, 2002 that approval of pay recommendations 15 and 16 was not immediately forthcoming for lack of knowledge or information sufficient to form a belief as to their truth; otherwise denies the allegations contained in the second sentence of paragraph 17. Denies the allegations contained in the third, fourth, and fifth sentences of paragraph 17.

18. Admits the allegations contained in the first sentence of paragraph 18 to the extent supported by the document cited, which is the best evidence of its

contents; otherwise denies the allegations contained in the first sentence of paragraph 18. Denies the allegations contained in the second sentence of paragraph 18.

18.1. Denies.

18.2. Denies.

18.3. Denies.

19. Admits the allegations contained in the first sentence of paragraph 19 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 19. Denies the remainder of the allegations contained in paragraph 19.

20. Admits the allegations contained in the first sentence of paragraph 20 regarding the contract and the show cause letter to the extent supported by those documents, which are the best evidence of their contents; the allegations contained in the first sentence of paragraph 20 regarding the Federal Acquisistion Regulations constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied; denies the remainder of the allegations contained in the first sentence of paragraph 20. Admits the allegations contained in the second and third sentences of paragraph 20 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph. The citation to the USPS Facilities Department Contract Requirements following the third sentence is not a statement of fact to which an

answer is required; to the extent that it may be deemed an allegation of fact, it is denied.

21. Admits the allegations contained in the first sentence of paragraph 21 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 21. Admits the allegations contained in the second sentence of paragraph 21 that ATSIC was given a stop work order on or before July 31, 2005, and that, following the stop work order, ATSIC was prohibited from continuing work on the Project; otherwise denies the allegations contained in the second sentence of paragraph 21.

22. Denies.

22.1. Denies the allegations contained in the first sentence of paragraph 22.1. The citations following the first sentence of paragraph 22.1 are not allegations of fact to which an answer is required; to the extent that they are deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 22.1.

22.2. Denies the allegations contained in the first sentence of paragraph 22.2. The citations following the first sentence of paragraph 22.2 are not allegations of fact to which an answer is required; to the extent that they are deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 22.2.

22.3. Denies the allegations contained in the first sentence of paragraph 22.3. The citation following the first sentence of paragraph 22.3 is not an allegation of fact to which an answer is required; to the extent that it is deemed an allegation of fact, it is denied.

23. Denies the allegations contained in the first sentence of paragraph 23. Admits the allegations contained in the second sentence of paragraph 23 that more than 82 percent of the contract value had been paid to ATSIC; denies the remainder of the allegations contained in the second sentence of paragraph 23. Denies the allegations contained in the third and fourth sentences of paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by the letter dated July 31, 2003, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25. Denies.

26. Denies.

27. Admits the allegations contained in the first sentence of paragraph 27 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 27. Denies the allegations contained in the second sentence of paragraph 27. The citation following the second sentence of paragraph 27 is not an allegation of fact to which an answer is required; to the extent that it may be deemed an allegation of fact, it is denied.

28. Denies the allegations contained in the first sentence of paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 28 regarding the letter dated September 26, 2003 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 28 regarding the letter dated September 26, 2003; denies the allegations contained in the second sentence of paragraph 28 regarding when ATSIC's president received the September 26, 2003 letter for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the third sentence of paragraph 28 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. Admits the allegations contained in paragraph 29 to the extent supported by the documents cited; which are the best evidence of their contents, otherwise denies the allegations contained in paragraph 29.

30. Admits the allegations contained in the first sentence of paragraph 30 that the amount remaining on the Project, excluding the offset from the Miami AMC contract, was $269,671.71; denies the remainder of the allegations contained in the first sentence of paragraph 30. Admits the allegations contained in the second and third sentences of paragraph 30 regarding the contents of the letter dated July 31, 2003 and the Settlement Agreement to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies

the allegations contained in the second and third sentences of paragraph 30. Denies the allegations contained in the fourth sentence of paragraph 30.

31. The allegations contained in paragraph 31 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

32. Denies the allegations contained in paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth.

33. Denies the allegations contained in paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34. Defendant's responses to paragraphs 1 through 33 of the complaint are incorporated by reference.

35. Denies.

36. Denies.

37. Denies.

38. Denies.

39. Denies.

40. Denies.

41. Denies.

42. Denies.

43. Denies.

Denies that plaintiffs are entitled to the relief requested in the Wherefore paragraph following paragraph 43, or to any relief whatsoever.

44. Defendant's responses to paragraphs 1 through 33 of the complaint are incorporated by reference.

45. Denies the allegations contained in the first sentence of paragraph 45. The citation following the first sentence is not an allegation of fact to which an answer is required; to the extent that it may be deemed an allegation of fact, it is denied. Denies the allegations contained in the second and third sentences of paragraph 45. The allegations contained in the fourth sentence of paragraph 45 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The citation following the fourth sentence of paragraph 45 is not an allegation of fact to which an answer is required; to the extent that it may be deemed an allegation of fact, it is denied.

46. Denies.

47. Denies.

48. Denies.

Denies that plaintiffs are entitled to the relief requested in the Wherefore paragraph following paragraph 48, or to any relief whatsoever.

49. Defendant's responses to paragraphs 1 through 33 of the complaint are incorporated by reference.

50. The allegations contained in paragraph 50 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

51. Denies.

52. Denies.

53. Denies.

54. Denies.

Denies that plaintiffs are entitled to the relief requested in the Wherefore paragraph following paragraph 54, or to any relief whatsoever.

55. Defendant's responses to paragraphs 1 through 33 of the complaint are incorporated by reference.

56. Admits the allegations contained in paragraph 56 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 56.

57. Admits the allegations contained in paragraph 57 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 57.

58. Admits the allegations contained in paragraph 58 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 58.

59. Denies.

60. Denies.

61. Admits the allegations contained in paragraph 61 to the extent supported by the agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 61.

62. Admits the allegations contained in the first sentence of paragraph 62 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 62. The citation following the first sentence of paragraph 62 is not an allegation of fact to which an answer is required; to the extent that it may be deemed an allegation of fact, it is denied. Denies the allegations contained in the second sentence of paragraph 62.

63. Denies.

64. Denies.

65. Denies.

Denies that plaintiffs are entitled to the relief requested in the Wherefore paragraph following paragraph 65, or to any relief whatsoever.

66. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSE

67. All of plaintiffs' claims arising prior to the execution of modification number 11 are barred by that modification, which states, in part, "By signing this mod, both parties agree that all issues through mod 11 and 5/29/02 are mutually agreed to and Will not be made a part of any claim arising out of or related to either contract 123125-00-B-3153 or 123125-00-B-3154."

COUNTERCLAIM

In accordance with the Rule 13(a) of this Court, defendant hereby asserts its counterclaim.

1. Defendant properly terminated the contract with ATSIC for default, by final decision dated August 16, 2002.

2. According to the terms of the contract, the terminated contractor is liable to defendant for the excess reprocurement costs of completing work on the Project.

3. The contracting officer sent plaintiffs a letter, dated September 26, 2003, assessing excess reprocurement costs of $683,404.69.

4. Plaintiff ATSIC has refused to pay any portion of defendant's excess reprocurement costs.

5. On September 9, 2005, defendant provided plaintiffs with a revised calculation of excess reprocurement costs, reducing the amount of excess reprocurement costs to $406,915.19. The revised calculation is based upon $624,449.80 of total reprocurement costs, less $217,534.61 remaining on the contract.

6. Defendant is entitled to payment by ATSIC of excess reprocurement costs of $406,915.19, plus interest, and other relief as the Court may deem just and appropriate.

7. This Court possesses jurisdiction to entertain defendant's counterclaim pursuant to the Contract Disputes Act of 1978.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, declare that plaintiff ATSIC is liable to defendant for excess reprocurement costs in the amount of $406,915.19, plus interest, and grant defendant such other and further relief as the Court may deem just and appropriate.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

/s/ Michael J. Dierberg
MICHAEL J. DIERBERG
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St., N.W.
Washington, D.C. 20530
Phone: (202) 353-0536
Fax: (202) 307-0972

November 22, 2005

Attorneys for Defendant