**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| ADVANCED TECHNOLOGY SYSTEMS INTEGRATORS CORP.<br><br>and<br><br>INTERNATIONAL FIDELITY INSURANCE COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 03-1953C<br>(Senior Judge Margolis) |

**PLAINTIFF ADVANCED TECHNOLOGY SYSTEMS INTEGRATORS CORP'S. ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIM**

**ANSWER TO COUNTERCLAIM**

COMES NOW Plaintiff, Advanced Technology Systems Integrators Corp. ("ATSIC"), files its Answer to Counterclaim, and states as follows:

1. Paragraph 1 of the Counterclaim is denied.

2. Paragraph 2 of the Counterclaim is denied due to lack of predicate.

3. Paragraph 3 of the Counterclaim is admitted.

4. ATSIC denies that any excess reprocurement costs are attributable to the subject Contract and, therefore, denies Paragraph 4 of the Counterclaim.

5. Paragraph 5 of the Counterclaim is admitted.

6. Paragraph 6 of the Counterclaim is denied.

7. Paragraph 7 of the Counterclaim is denied.

**AFFIRMATIVE DEFENSES**

8. The Counterclaim is exactly the same as the original claim of the Defendant, which was upheld by the Contracting Officer and from which the underlying case is an appeal; therefore, the counterclaim is redundant and ought be stricken pursuant to Rule 8(a) of the Rules of the United States Court of Federal Claims, which allows only "a short and plain statement of the claim showing that the pleader is entitled to relief," rather than numerous, redundant claims for the same relief.

9. Defendant waived its right to terminate the subject Contract for cause by failing to abide by the appropriate Federal Acquisition Regulations, as more fully set forth in the Second Amended Complaint.

10. Defendant waived its right to terminate the subject Contract for cause by failing to abide by the requirement in the Contract that Plaintiff ATSIC be afforded additional time to complete the Contract due to inclement weather, all as set forth more fully in the Second Amended Complaint.

11. Defendant waived its right to terminate the subject Contract for cause due to Defendant's affirmative hindrance of the completion of the Contract by failing to pay timely sums due to ATSIC.

12. Defendant waived its right to terminate the subject Contract for cause due to Defendant's affirmative hindrance of the completion of the Contract by relying on, or conspiring with, Defendant's consultant, Stuhl Engineering Consultants, Inc. ("SEC"), to insure that ATSIC did not complete the Contract timely.

13. Pursuant to Modification No. 11, the Government's exclusive remedy for delayed completion of the project was liquidated damages.

14. The Government is not entitled to assert termination for cause, which is a condition

precedent to seeking excess reprocurement costs, because the United States Postal Service ("USPS") failed to provide ATSIC with ten (10) days' written notice of a specified failure prior to termination, as required by the subject Contract.

15. The Government is not entitled to assert termination for cause, which is a condition precedent to seeking excess reprocurement costs, because the USPS ordered ATSIC to stop work prior to the contractual project completion date.

16. Defendant miscalculated the excess reprocurement costs, *inter alia*, by relying on its on consultant, which had a vested financial interest in expanding the scope of the project, rather than relying on the Contract with the subsequent contractor.

17. Included in Defendant's proposed excess reprocurement costs are sums due from Contract No. 12315-00-B-3153. A dispute regarding such Contract was settled by execution of an Agreement of Settlement Between the Parties ("Settlement Agreement"), which constituted an accord and satisfaction of the parties' responsibilities under such Contract. However, the Settlement Agreement explicitly provided that the only method by which the Postal Service could obtain the sum of $52,137.10, which was to be paid to it pursuant to the terms of the Settlement Agreement, was by such sum being withheld from the payments to ATSIC under the Contract at issue in the instant case. The Settlement Agreement makes no provision for any person or entity to have individual responsibility for payment of such amount.

18. Defendant, through its agents, knowingly spent funds unnecessary to the completion of the Contract for the express purpose of providing payments to friends of the Government's agents and has added those expenses to the alleged excessive reprocurement costs.

19. SEC, the Government's Project Manager, billed excessive and exaggerated amounts,

including sums for personal expenses, such as movie rentals, that had no bearing on the Contract.

20. The alleged excess reprocurement costs are inflated, include items that were outside the scope of the original Contract, and include sums for work previously completed by ASTIC and approved by SEC.

21. The Government is not entitled to assert termination for cause, which is a condition precedent to seeking excess reprocurement costs, because of the breach by the USPS of the covenant of good faith and fair dealing, all as set forth in Paragraphs 36-41 and 51 of the Second Amended Complaint.

WHEREFORE, Plaintiff Advanced Technology Systems Integrators Corp. prays that this honorable Court dismiss the Counterclaim, award Plaintiff attorney's fees and costs, and award such other and further relief as the Court may deem just and proper.

DATED this 6 day of December, 2005.

E. SCOTT GOLDEN & ASSOCIATES
Attorneys for Plaintiff Advanced
Technology Systems Integrators Corp.
644 S.E. Fourth Avenue
Fort Lauderdale, FL 33301
Tel.: (954) 764-6766 ext. 2
Fax: (954) 764-6789
Email: esglaw@bellsouth.net

s/E. Scott Golden
E. Scott Golden

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided by electronic filing to Michael J. Dierberg, Esquire, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, 1100 L. Street NW, Room 12116, Washington, D.C. 20530, and Helen H. Albee, Esquire, Henrichsen Siegle, P.L.L.C., 1648 Osceola Street, Jacksonville, Florida 32204, this 6 day of December, 2005.

s/E. Scott Golden
E. Scott Golden

HP2:/C:\Documents and Settings\HP_Owner\My Documents\lit\3082-1\ANSWER.AFF.DEF.wpd