IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ADVANCED TECHNOLOGY SYSTEMS INTEGRATORS CORP.

and

INTERNATIONAL FIDELITY INSURANCE COMPANY

Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

Defendant.

Case No. 03-1953C
(Senior Judge Margolis)

**PLAINTIFF INTERNATIONAL FIDELITY INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Helen H. Albee, Esq.
Henrichsen Siegel, P.L.L.C.
1648 Osceola St.
Jacksonville, FL 32204

Attorney for Plaintiff
International Fidelity
Insurance Company

OF COUNSEL

Neil L. Henrichsen, Esq.
Henrichsen Siegel, P.L.L.C.
5301 Wisconsin Ave, N.W.
Suite 570
Washington, D.C. 20015

July 14, 2006

## TABLE OF CONTENTS

PLAINTIFF INTERNATIONAL FIDELITY INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS .................................... 1

STATEMENT OF QUESTIONS INVOLVED ............................................................ 2

ARGUMENT ........................................................................................................... 2

I. Standard of Review on a Motion to Dismiss ........................................................ 2

II. This Court has jurisdiction over International's claims. ........................................ 2

A. The Right of Equitable Subrogation Provides a Basis for International's suit against the Government. ...........................................................................................3

B. The Government's Arguments Misstate the Law of Equitable Subrogation.......5

C. International has fully paid all outstanding payment bond claimants. ................8

III. International has stated cognizable claims against the Government. ..................... 8

CONCLUSION ......................................................................................................... 10

# TABLE OF AUTHORITIES

**Statutes**

28 U.S.C. § 1491 ........ 6

40 U.S.C. § 3131, *et seq*., formerly 40 U.S.C. § 270a, *et seq*. ........ 4

41 U.S.C. § 601(4) ........ 6

41 U.S.C. §609(a)(1) ........ 6

**Rules Of The United States Court Of Federal Claims**

Rule 12 ........ 1

**Federal Cases**

Adams v. United States, 391 F.3d 121218 (Fed. Cir. 2004) ........ 2

Admiralty Contracting, Inc. v. Dalton, 156 F.3d 1217 (Fed. Cir. 1998) ........ 5

Balboa Ins. Co. v. United States, 775 F.2d 1158, 1160 (Fed. Cir. 1985) ........ 3, 4, 7

Capitol Indemnity Corp. v. United States, -- Fed.Cl. --, 2006 WL 1517335 (2006) ........ 3

Commercial Casualty Insurance Co. of Ga. v. United States, --- Fed. Cl. ---, 2006 WL 1517346 (2006) ........ 3, 4

F. Alderete Gen. Contracting, Inc. v. U.S., 715 F.2d 1476, 1479 (Fed. Cir. 1983) ........ 7

Gant v. United States, 63 Fed.Cl. 311, 314 (2004) ........ 8, 9

Henke v. United States, 60 F.3d 795, 797 (Fed.Cir. 1995) ........ 2

Henningsen v. United States Fid. & Guar. Co., 208 U.S. 404, 28 S.Ct. 389, 52 L.Ed. 547 (1908) ........ 6

Home Indem. Co. v. United States, 180 Ct.Cl. 173, 376 F.2d 890, 893 (1967) ........ 9

Insurance Company of the West v. United States, 243 F.3d 1367 (Fed. Cir. 2001) ("West II") ........ 3, 7

Insurance Company of the West v. United States, 55 Fed.Cl. 529 (2003) ("West III")............ 3, 7

International Fidelity Insurance Co. v. United States, 25 Cl.Ct. 469 (1992)............................ 4, 8

Liberty Mutual Ins. Co. v. United States, 70 Fed.Cl. 37 (2006)........................................... 3, 4, 6

Morse Diesel International, Inc. v. United States, 66 Fed.Cl. 788 (2005)................................... 2

National Surety Corp. v. United States, 118 F.3d 1542, 1546 (Fed. Cir. 1997)........................... 9

Nova Casualty Co. v. United States, 69 Fed.Cl. 284 (2006); ............................................... 3, 4, 5

Pearlman v. Reliance Ins. Co., 371 U.S. 132, 83 S.Ct. 232, 9, L.Ed.2d 190 (1962) ...................... 6

Prairie State Nat'l Bank of Chicago v. United States, 164 U.S. 227, 17 S.Ct. 142, 41 L.Ed. 412 (1896)......................................................................................................................... 6

United States Fidelity & Guaranty Co. v. United States, 201 Ct. Cl. 1, 475 F.2d 1377, 1382 (1973)......................................................................................................................... 4

United States v. Munsey Trust Co., 332 U.S. 234, 67 S.Ct. 1599, 91 L.Ed. 2022 (1947) ............ 6

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ADVANCED TECHNOLOGY SYSTEMS INTEGRATORS CORP. | ) | |
| and | ) | |
| INTERNATIONAL FIDELITY INSURANCE COMPANY | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 03-1953C (Senior Judge Margolis) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFF INTERNATIONAL FIDELITY INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**COMES NOW**, the Plaintiff, International Fidelity Insurance Company ("International"), pursuant to Rule 12 of the United States Court of Federal Claims ("RCFC"), by and through its undersigned counsel, and files this response in opposition to Defendant United States of America's (the "Government") motion to dismiss International for lack of standing and for the failure to state a claim upon which relief may be granted.[1] International respectfully requests this Court deny the Defendant's Motion to Dismiss. In support of its response in opposition to Defendant's Motion to Dismiss, International relies upon the pleadings, and the following Brief.

[1] The Defendant's Motion for Summary Judgment focuses on the merits of the claims brought by Advanced Technologies Systems Integrators Corp. ("ATSIC") and International. ATSIC has filed a separate response in opposition to the Defendant's Motion for Summary Judgment in which International joins.

## STATEMENT OF QUESTIONS INVOLVED

1. Whether International, a surety who performed its obligations under its payment bond in full thereby discharging the debts of its principal, is equitably subrogated to the rights of its principal to bring suit against the Government.

2. Whether a surety may bring a claim against the Government when its risk under the bonded contract is increased due to the Government's wrongful termination of its principal and the resultant withholding of contract funds.

## ARGUMENT

### I. Standard of Review on a Motion to Dismiss

When the Court is determining a motion to dismiss, it is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." Morse Diesel International, Inc. v. United States, 66 Fed.Cl. 788, 797 (2005) (citing Henke v. United States, 60 F.3d 795, 797 (Fed.Cir. 1995) (citations omitted). A dismissal for the failure to state a claim upon which relief may be granted under RCFC 12(b)(6) is only proper when there is no set of facts which, if proven by the plaintiff, would entitle it to relief. Adams v. United States, 391 F.3d 1212, 1218 (Fed. Cir. 2004) (citations omitted). In the instant case, the Government's motion to dismiss must be denied because International has properly stated claims against the Government in the Second Amended Complaint.

### II. This Court has jurisdiction over International's claims.

The Government has moved to dismiss International from this case on the grounds that (1) there is no privity of contract between International and the Government; (2) International has no standing to bring its claims; and (3) this Court has no jurisdiction over International's equitable subrogation claims arising out of its payment bond. Defendant's Motion to Dismiss

and for Partial Summary Judgment (hereinafter cited as "Def.'s Motion") at 5. The Government's legal argument that International cannot bring claims against the Government in this case is based primarily upon dicta in Insurance Company of the West v. United States, 243 F.3d 1367 (Fed. Cir. 2001) ("West II"). Def's Motion at 6. The dicta relied upon states that a surety which performs under its payment bond is only subrogated to the rights of those subcontractors or suppliers paid, not to the rights of the contractor against the Government. West II at 1371. However, as recognized by several well-reasoned opinions from this Court, the dicta in West II relied upon by the Government does not fully state the law of a surety's rights of equitable subrogation as laid down by over a century's worth of United States Supreme Court precedent or precedent of this Court and the Federal Circuit. See, Insurance Company of the West v. United States, 55 Fed.Cl. 529 (2003); Commercial Casualty Insurance Co. of Ga. v. United States, --- Fed. Cl. ---, 2006 WL 1517346, *6 (2006); Nova Casualty Co. v. United States, 69 Fed.Cl. 284, 293-94 (2006); Liberty Mutual Ins. Co. v. United States, 70 Fed.Cl. 37, 52 (2006) ; Capitol Indemnity Corp. v. United States, -- Fed.Cl. --, 2006 WL 1517335 (2006). Therefore, the Government's Motion to Dismiss International's claims must be denied.

A. The Right of Equitable Subrogation Provides a Basis for International's suit against the Government.

The issuance of surety bonds creates a tri-partite relationship between the surety, its principal—the primary obligor, and the obligee. Balboa Ins. Co. v. United States, 775 F.2d 1158, 1160 (Fed. Cir. 1985). As a result, obligations run to and between all three parties to this surety relationship and the surety is "as much a party to the Government contract as the contractor." Id. at 1160. In the instant case, International is not a mere bystander unaffected by the actions and inactions of the Government in administering the Contract. By virtue of its role

as surety,[2] International has agreed to be secondarily liable for ATSIC's obligations on the Project and has taken on the risk of loss should those obligations not be fulfilled by ATSIC.

The Government asserts that International has no standing in this case due to its lack of privity with the Government. Def.'s Motion at 6. This argument misses the lynchpin of International's claims. As stated by the Balboa Court, "the traditional means of asserting a surety's claim is under the equitable doctrine of subrogation." Id. at 1161. The surety's right of equitable subrogation encompasses the rights of the laborers and suppliers whose claims it paid and those of the contractor whose debts it paid. Id. (citing, United States Fidelity & Guaranty Co. v. United States, 201 Ct. Cl. 1, 475 F.2d 1377, 1382 (1973)). As a result of stepping into the shoes of the contractor, ATSIC, International is entitled to rely upon privity of contract between ATSIC and the Government to bring its claims. See Commercial Casualty Insurance Co. of Ga. v. United States, --- Fed. Cl. ---, 2006 WL 1517346, *6 (2006).

A surety has right of equitable subrogation against the government when it pays payment bond claims. Id.; see also, Nova Casualty Co. v. United States, 69 Fed.Cl. 284, 293-94 (2006); Liberty Mutual Ins. Co. v. United States, 70 Fed.Cl. 37, 52 (2006); and International Fidelity Insurance Co. v. United States, 25 Cl.Ct. 469, 473-74 (1992). As the one who paid the debt of the one who should have discharged it, International steps into the shoes of ATSIC and is subrogated to the rights of ATSIC against the Government to obtain reimbursement for the payments made. See U.S.F.& G., 201 Ct. Cl. 1, 475 F.2d at 1382 (surety entitled to benefit of all rights of suppliers and laborer it paid and those of the contractor whose debts it paid). The right of equitable subrogation provides a surety with the jurisdictional basis for suit against the Government under the Tucker Act, 28 U.S.C. § 1491, because it stands in the shoes of its

---

[2] A surety's involvement in certain public works projects is mandated by the Miller Act, 40 U.S.C. § 3131, *et seq.*, formerly 40 U.S.C. § 270a, *et seq*. Thus, Congress has demonstrated that the sureties play a significant role in government contracting.

principal, the contractor. Nova Casualty Co., 69 Fed.Cl. at 294. International brings its claims based upon this long established principle of surety law. Second Amended Complaint, ¶¶ 1, 6.

B. The Government's Arguments Misstate the Law of Equitable Subrogation.

The Government misstates the breadth of the surety's rights of equitable subrogation. Def's Motion at 6-8. Relying upon Admiralty Contracting, Inc. v. Dalton, 156 F.3d 1217 (Fed. Cir. 1998), the Government argues that a surety has no right of equitable subrogation if it does not take over completion of the bonded contract or finance the completion of the work. Def.'s Motion at 6. However, Admiralty Contracting is distinguishable from the instant case in a very important aspect. The surety in Admiralty Contracting was attempting to appeal a final decision of a contracting officer to the Armed Services Board of Contract Appeals ("ASBCA"). Admiralty Contracting, Inc. v. Dalton, 156 F.3d 1217, 1219-20 (Fed. Cir. 1998). Thus, the surety's basis for jurisdiction to appeal the contracting officer's decision to the ASBCA was solely pursuant to the Contract Disputes Act ("CDA"), 41.U.S.C. §609. Id. at 1220. By its terms, the CDA only allows a "contractor" to appeal the decision of a contracting officer. 41 U.S.C. §609(a)(1). Further, the CDA defines "contractor" as "a party to a Government contract other than the Government." 41 U.S.C. § 601(4). Thus, the CDA does not provide a surety who has a right of equitable subrogation with a basis for appealing a contracting officer's decision to ASBCA. Admiralty Contr., 156 F.3d at 1220-21.

However, as stated above, International is not relying upon the CDA to bring its claims against the Government. See Second Amended Complaint, ¶¶ 1, 6. International brings its claims based on the doctrine of equitable subrogation and by virtue of its full performance of its obligations under the payment bond issued for the Project. Id. As stated above, the Tucker Act provides this Court jurisdiction over International's claims against the Government. See, Section

II.A. above. Thus, the holding in Admiralty Contracting does not provide a basis for which to dismiss International's claims.

Next, the Government argues that this Court lacks jurisdiction to entertain claims based on subrogation when the surety satisfies its obligations under the payment bond issued for the project. Def.'s Motion at 7. In doing so, the Government ignores long-standing precedent from the United States Supreme Court which holds that a surety is subrogated to the rights of both the subcontractor or supplier who it pays and the contractor whose debts it discharges. See, e.g., Pearlman v. Reliance Ins. Co., 371 U.S. 132, 83 S.Ct. 232, 9, L.Ed.2d 190 (1962); United States v. Munsey Trust Co., 332 U.S. 234, 67 S.Ct. 1599, 91 L.Ed. 2022 (1947); Henningsen v. United States Fid. & Guar. Co., 208 U.S. 404, 28 S.Ct. 389, 52 L.Ed. 547 (1908); Prairie State Nat'l Bank of Chicago v. United States, 164 U.S. 227, 17 S.Ct. 142, 41 L.Ed. 412 (1896). The Government asserts that International falls within the "well-established" rule that a payment bond surety is only subrogated to the rights of the subcontractor and not its principal. Def.'s Motion at 7. In making its argument, however, the Government misstates the breadth of a surety's right of equitable subrogation and misstates what is actually "well-established" law.

As recognized by the Court of Federal Claims in Liberty Mutual Ins. Co. v. United States, 70 Fed. Cl. 37 (2006), the traditional rule is that a surety is subrogated to the rights of the subcontractor who it pays and the contractor whose debts are paid by the surety. Liberty Mutual, 70 Fed. Cl. at 42 (citations omitted). This rule was established by a line of United States Supreme Court cases dating back to 1896. Id. Despite these precedents, the Government argues that the dicta in West II controls the jurisdictional question in this case. However, this argument must fail once analyzed in light of the central holding of West II and the historical precedents on the issue of the surety's right of equitable subrogation. Id. at 42-49.

In its decision on remand in Insurance Company of the West v. United States, 55 Fed.Cl. 529 (2003) ("West III"), this Court specifically recognized that the language relied upon by the Government "was not central to the West II Court's holding and may be viewed properly as dicta." West III, 55 Fed. Cl. at 535. The West III Court reiterated the Federal Circuit's caution that dicta "should be read in light of the court's central holding and the controlling fact in that case." Id. (citing F. Alderete Gen. Contracting, Inc. v. U.S., 715 F.2d 1476, 1479 (Fed. Cir. 1983)). The language relied upon by the Government was not central to the holding in West II and should not be read to effect the sweeping change in the law of equitable subrogation as the Government asserts.

Further weighing against the Government's position is the fact that the language upon which it relies is actually contradicted in another section of the West II opinion. After concluding that a subrogee who steps into the shoes of a government contractor may sue the Government, the West II Court stated "[w]e believe that Balboa correctly states the law of equitable subrogation." West II, 243 F.3d at 1373, n.3. As stated above, Balboa held that a surety who performs its obligations under a payment bond is subrogated to the claims of, *inter alia*, the contractor whose debts the surety paid. Balboa, 775 F.2d at 1161. The West III Court highlighted this inconsistency in West II and rejected the dicta in West II as not based on any precedent. West III, 55 Fed.Cl. at 535. In sum, the West III Court rejected the Government's argument that the payment bond surety had no standing to sue the Government and denied the Government's Motion to Dismiss. Accordingly, this Court should also reject the Government's argument made in the instant case and deny the Government's Motion to Dismiss International's claims for lack of standing.

C. International has fully paid all outstanding payment bond claimants.

The Government acknowledges that International has "invoked payments pursuant to the payment bond as a source of its standing to assert its claims." Def.'s Motion at 7, citing Second Amended Complaint at ¶ 6. International has paid the outstanding payment bond claims on the Project, Second Amended Complaint at ¶ 6, and as a result, International is subrogated to ATSIC's interest in the contract funds retained by the Government for reimbursement for these payments. International Fidelity Insurance Co., 25 Cl.Ct. at 473-75 (Surety has right of equitable suborgation to contract funds retained by government when it pays the contractor's debts pursuant to payment bond.) On a motion to dismiss, the well-pleaded facts in the complaint are taken as true and all inferences must be drawn in favor of the non-movant. Gant v. U.S., 63 Fed.Cl. 311, 314 (2004). Thus, the allegation that International has paid payment bond claims must be taken as true. As shown above, upon International's payments under its payment bond issued on behalf of ATSIC for the Project, International became subrogated to ATSIC's rights against the Government. The Government's Motion to Dismiss for lack of standing must be denied.

Based on the above analysis and the allegations in the Second Amended Complaint, which must be taken as true, it is clear the first question presented—whether International based on the performance of its obligations under the payment bond is equitably subrogated to ATSIC's rights to bring suit against the Government—must be answered in the affirmative and the Government's Motion to Dismiss International must be denied.

**III. International has stated cognizable claims against the Government.**

Along with ATSIC, International has brought cognizable claims against the Government before this Court. Count I is an appeal of the contracting officer's final decision to terminate

ATSIC for default, Count III is a claim for the Government's breach of the covenant of good faith and fair dealing in administering the contract and Count IV is a challenge to the contracting officer's final decision on reprocurement costs.[3] The Government has moved to dismiss International's claims for the failure to state a cause of action upon which relief can be granted. Def.'s Brief at 6-8. A motion to dismiss for failure to state a cause of action should be denied when relief could be granted under any set of facts that could be proven consistent with the allegations. Gant, 63 Fed.Cl. at 314 (citations omitted.).

By virtue of the performance of its obligations under the payment bond, International is subrogated to ATSIC's rights to sue the Government to recover contract funds due. See, Sections I and II above. When the Government wrongfully terminated ATSIC, it withheld monies due ATSIC in addition to the remaining contract balance. See Second Amended Complaint ¶¶ 26-30. Thus, the Government administered the contract in a manner, which materially increased International's risk under the bonds. See National Surety Corp. v. United States, 118 F.3d 1542, 1546 (Fed. Cir. 1997) (Government has a duty to administer its contract in a manner which does not increase the risk assumed by the surety.). The Government's active interference with ATSIC's performance, its failure to pay or to timely pay ATSIC, and, ultimately, its wrongful termination of ATSIC impaired International's suretyship status by preventing International from recovering the contract balance to which it had subrogation rights. Such impairment can give rise to a claim against the Government. See Restatement (Third) of Suretyship & Guaranty §37 (1996). International's subrogation rights relate back to the issuance of the bonds. National Surety Corp., 118 F.3d at 1546 (citing, Home Indem. Co. v. United States, 180 Ct.Cl. 173, 376 F.2d 890, 893 (1967)). Thus, the timing of International's payments

---

[3] ATSIC alone has asserted an affirmative claim for damages based on the termination in Count II. Second Amended Complaint ¶¶ 44-48.

made pursuant to the payment bond is not relevant to whether International has a valid claim. Accordingly, the International has asserted a proper claim against the Government and the second question presented must be resolved in International's favor.

By asserting these claims, International is protecting its equitable interests in the contract funds due to ATSIC and to International, by way of subrogation, as a result of the wrongful termination of ATSIC by the Government. Because International is equitably subrogated to ATSIC's rights against the Government and can rely upon privity of contract between ATSIC and the Government to sue, the Government has failed to show that no set of facts proven by International will entitle it to the relief requested. As a result, the Government's Motion to Dismiss should be denied.

## CONCLUSION

The Government mistakenly relies upon dicta in making its arguments that International has no rights of equitable subrogation based on the performance of its obligations under its payment bond. It is clear that International steps into the shoes of ATSIC and may bring claims against the Government. Based on the foregoing analysis and taking the allegations in the Second Amended Complaint as true, the Government's Motion to Dismiss International must be denied.

Respectfully submitted,

HENRICHSEN SIEGEL, P.L.L.C.

Date: July 14, 2006

s/Helen H. Albee
Helen H. Albee
1648 Osceola St.
Jacksonville, FL 32204
(904) 381-8183
(904) 381-8191 (fax)
HAlbee@hslawyers.com
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on the 14th day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Michael.Dierberg@usdoj.gov, Attorney for the United States of America
Esglaw@bellsouth.net, Attorney for Advanced Technology Systems Integrators Corporation

s/Helen H. Albee
Helen H. Albee